[No. B162846. Second Dist., Div. Six. Nov. 17, 2003.]

WALTER H. TAYLOR, Plaintiff and Appellant, v.
LOCKHEED MARTIN CORPORATION, Defendant and Respondent.

COUNSEL

Law Offices of Michael P. Ring & Associates, Michael P. Ring; Law Offices of Mary A. Lehman and Mary A. Lehman for Plaintiff and Appellant.

Curiale, Dellaverson, Hirschfeld, Kraemer & Sloan, Leonora M. Schloss and Kirstin E. Muller for Defendant and Respondent.

OPINION

**COFFEE, J.**—Does an arbitration decision under a collective bargaining agreement (CBA) have preclusive effect in a civil suit for retaliatory discharge under Labor Code section 6310, subdivision (b)?[1] We conclude it does not, unless (1) the CBA clearly and unmistakably provided for binding arbitration of the employee's statutory claim under the Labor Code, and (2) the arbitration was conducted in a manner that allowed for a full litigation and fair adjudication of the Labor Code claim. In this case, the trial court granted summary judgment in favor of an employer after determining that the employee's claim under section 6310 was collaterally estopped by a labor arbitrator's decision that the employee was terminated for good cause. This was error, because the CBA was never presented to the court and there was

---

[1] All statutory references are to the Labor Code unless otherwise stated.

no evidence that it clearly and unmistakably provided for arbitration of the employee's statutory claim. We reverse.

## FACTS AND PROCEDURAL HISTORY

Plaintiff and appellant Walter H. Taylor (Taylor) was employed by defendant and respondent Lockheed Martin Corporation (Lockheed) as a rocket engine mechanic. He was a member of the International Association of Machinists, Local No. 2786. The union had a CBA with Lockheed that provided for the arbitration of employment grievances.

Taylor worked at Lockheed's facilities at Vandenberg Air Force Base for almost 15 years, until he was disciplined for an incident in which he allegedly threatened two fellow employees after a forklift he was driving hit the surface of a missile. He was placed on unpaid leave and informed that he would not be allowed to return to work unless he obtained counseling. Taylor declined to do so and was eventually terminated.

Taylor believed his termination was racially motivated and was in retaliation for an earlier complaint that he had filed with the Division of Occupational Safety and Health of the State Department of Industrial Relations (Cal/OSHA). He filed suit in state court alleging four causes of action against Lockheed: (1) wrongful termination in violation of the public policy found in sections 1102.5 and 6310;[2] (2) retaliatory discharge in violation of sections 1102.5 and 6310; (3) race discrimination in employment in violation of Government Code section 12940; and (4) wrongful termination in violation of public policy under the California Constitution, article I, section 8 (prohibiting race discrimination). Lockheed filed a motion for summary judgment, arguing that Taylor's state law claims were barred because they arose on a federal enclave; i.e., an area within a state over which the federal government exercises legislative jurisdiction.

---

[2] Section 1102.5 provides in part, "(b) No employer shall retaliate against an employee for disclosing information to a government . . . agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation."

Section 6310 provides in part, "(a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following: [¶] (1) Made any oral or written complaint to the [Division of Occupational Safety and Health] . . . .

"(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to the division, . . . his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

This court reversed in part a superior court order granting summary judgment in favor of Lockheed. (*Taylor v. Lockheed Martin Corp.* (2000) 78 Cal.App.4th 472 [92 Cal.Rptr.2d 873].) We concluded that Taylor's claims arose exclusively on the federal enclave of Vandenberg Air Force Base and that consequently, his suit was governed by the law of that enclave. (*Id.* at pp. 479–481.) The law of a federal enclave includes federal law, state law that was in effect when the state ceded power to the federal government and which is not inconsistent with federal law, and subsequently enacted state law that has been expressly extended to the enclave by an act of Congress. (*Id.* at pp. 481–482.) Taylor's claims for race discrimination under Government Code section 12940 and for wrongful termination in violation of public policy did not fall into any of these categories, making summary judgment appropriate on three of his four causes of action. (*Id.* at pp. 482, 486.) But we held that Taylor could pursue his remaining statutory claim for retaliatory discharge under the Labor Code, because section 6310 was part of the Cal/OSHA regulatory scheme and Congress had passed legislation expressly permitting California to enforce its worker safety laws when, as here, the federal government did not actively exercise that jurisdiction. (*Taylor*, at pp. 483–486.)

Meanwhile, Taylor had filed a grievance with his union, which represented him in an arbitration under the CBA. In a decision filed March 28, 2000, the arbitrator ruled that Taylor had been terminated for just cause. Taylor brought a separate action for violation of the CBA under section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)), but voluntarily dismissed that claim before a final judgment was obtained. Lockheed moved for summary judgment in the instant case on Taylor's remaining state law claim for retaliatory discharge, arguing that the labor arbitrator's finding of "just cause" was binding through the doctrine of collateral estoppel and precluded Taylor from arguing that he had been terminated for improper retaliatory reasons. The trial court agreed and granted summary judgment in Lockheed's favor. We review this ruling de novo. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 67–68 [99 Cal.Rptr.2d 316, 5 P.3d 874].)

## DISCUSSION

Taylor was denied relief in his arbitration under the CBA because the arbitrator found, among other things, that just cause supported his termination. The trial court in this case ruled that the prior finding of "just cause" required judgment in favor of Lockheed because the doctrine of collateral estoppel prevented Taylor from arguing that he was terminated in retaliation for his Cal/OSHA complaint. We agree with the court's conclusion that the arbitrator's prior finding would defeat Taylor's current statutory claim *if* the arbitration were given preclusive effect. But we disagree that collateral estoppel was properly applied in this case.

■ Collateral estoppel, or issue preclusion, is an aspect of the doctrine of res judicata. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 828 [88 Cal.Rptr.2d 366, 982 P.2d 229].) Where applicable, it prevents a party or that party's privy from relitigating in a second proceeding an issue that was already litigated and determined in a prior proceeding. (*Ibid.*) Most applications of collateral estoppel involve issues that were resolved in previous lawsuits, but the doctrine may also extend to findings made in prior nonjudicial proceedings such as administrative hearings or arbitrations. (*Kelly v. Vons Companies, Inc.* (1998) 67 Cal.App.4th 1329, 1335–1337 [79 Cal.Rptr.2d 763].)

■ When the prior findings at issue have been made during a labor arbitration under a CBA, courts have placed limits on the extent to which collateral estoppel applies. In a series of cases, the United States Supreme Court has held that findings made during a labor arbitration are not binding in an employee lawsuit asserting federal statutory causes of action designed to protect workers: a discrimination claim under title VII of the Civil Rights Act in *Alexander v. Gardner-Denver Co.* (1974) 415 U.S. 36, 44–56 [39 L.Ed.2d 147, 94 S.Ct. 1011] (*Alexander*), a minimum wage violation under the Fair Labor Standards Act in *Barrentine v. Arkansas-Best Freight System, Inc.* (1981) 450 U.S. 728, 738–741 [67 L.Ed.2d 641, 101 S.Ct. 1437] (*Barrentine*), and a civil rights claim under 42 U.S.C. section 1983 in *McDonald v. West Branch* (1984) 466 U.S. 284, 289–291 [80 L.Ed.2d 302, 104 S.Ct. 1799] (*McDonald*).

In these three cases, the court gave several reasons for limiting the preclusive effect of a labor arbitration under a CBA. It noted that Congress had given the federal courts plenary power over each of the statutory claims at issue and there was no indication in any of the statutes that a prior arbitration divested the courts of the jurisdiction to hear the claim. (*Alexander, supra,* 415 U.S. at p. 45; *Barrentine, supra,* 450 U.S. at p. 737; *McDonald, supra,* 466 U.S. at p. 291.) It characterized a union arbitrator's expertise as "the law of the shop, not the law of the land" and explained that because the arbitrator's power derives solely from the CBA, he or she has the duty to follow the CBA rather than federal law in case of a conflict between the two. (*Alexander,* at p. 57; *Barrentine,* at pp. 744–745; *McDonald,* at p. 291.) The court also observed that the union's interests will not always be aligned with the individual employee's. (*Alexander,* at p. 53; *Barrentine,* at p. 742; *McDonald,* at p. 291.)

In *Wright v. Universal Maritime Service Corp.* (1998) 525 U.S 70 [142 L.Ed.2d 361, 119 S.Ct. 391], the Supreme Court reaffirmed the *Alexander-Barrentine-McDonald* line of cases while acknowledging there was "some tension" between the rule denying preclusive effect to labor arbitrations and

language in a more recent decision that upheld an individual employee's agreement to arbitrate a statutory employment discrimination claim. (*Wright,* at p. 76, citing *Gilmer v. Interstate/Johnson Lane Corp.* (1991) 500 U.S. 20 [114 L.Ed.2d 26, 111 S.Ct. 1647].) Although the court did not decide whether a union can ever waive the statutory employment discrimination claims of its members through a CBA provision, it held that a mandatory arbitration provision in a CBA cannot be enforceable when there is no " 'clear and unmistakable' " waiver of the right to file suit. (*Wright,* at p. 80 [119 S.Ct. 391].) "[T]he right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." (*Ibid.*)

■ Under *Wright,* the basic rule of *Alexander, Barrentine* and *McDonald* remains intact, and a labor arbitration can have preclusive effect on a subsequent statutory claim only if the CBA contained a clear and unmistakable waiver of the employee's right to file a lawsuit on the statutory claim. (*Camargo v. California Portland Cement Co.* (2001) 86 Cal.App.4th 995, 1013–1014 [103 Cal.Rptr.2d 841].)

Application of this rule requires reversal of the summary judgment in this case. ■ Lockheed did not submit the CBA negotiated by Taylor's union as part of its motion for summary judgment and there is simply no evidence that the CBA contained a clear and unmistakable waiver of a union members' individual right to sue for retaliatory discharge under section 6310.

Lockheed argues that we are not bound by the federal rule of *Alexander, Barrentine* and *McDonald* when considering Taylor's state law claim. Strictly speaking, Taylor's claim is one made under the law of the federal enclave, which in this case happens to include provisions of the state Labor Code. But assuming that collateral estoppel is a procedural issue to which state law applies (see *County of Los Angeles v. Superior Court* (2000) 78 Cal.App.4th 212, 230 [92 Cal.Rptr.2d 668]), we have given the federal cases our " ' "respectful consideration" ' " and find them persuasive. (See *Kelly v. Vons Companies, Inc., supra,* 67 Cal.App.4th at pp. 1337–1338.)

This result is consistent with the Third Appellate District's recent decision in *Camargo v. California Portland Cement Co., supra,* 86 Cal.App.4th at page 999, which applied the *Alexander-Barrentine-McDonald* analysis to a state discrimination claim under the Fair Employment and Housing Act (FEHA). *Camargo* concluded that a prior labor arbitration should not be given collateral estoppel effect absent a clear and unmistakable waiver of the employee's right to sue. (*Camargo,* at p. 999; see also *Vasquez v. Superior Court* (2000) 80 Cal.App.4th 430, 434–436 [95 Cal.Rptr.2d 294] [mandatory arbitration clause in CBA not binding as to statutory discrimination claims absent clear and unmistakable waiver].)

We reach the same conclusion with respect to Taylor's cause of action under section 6310, subdivision (b). ▆ Like FEHA, section 6310 authorizes an individual discrimination claim, albeit one that arises from retaliation against a "whistleblower" rather than discrimination based on a personal characteristic such as race, gender or ethnicity. The statute is part of the state's scheme for occupational safety and like the federal statutes at issue in *Alexander, Barrentine* and *McDonald*, it establishes an individual cause of action for a right that is not necessarily coextensive with the terms of a CBA. The policy reasons for limiting the preclusive effect of a labor arbitration on statutory discrimination claims are as pertinent to claims under section 6310 as they are to claims under the federal statutes considered by the United States Supreme Court in *Alexander, Barrentine* and *McDonald.*

Lockheed urges us to follow our decision in *Kelly v. Vons Companies, Inc., supra,* 67 Cal.App.4th 1329, in which we held that an adverse finding in a labor arbitration was binding as to the employees' common law tort claims in a subsequent lawsuit against their employer. The decision in *Kelly* is inapposite because it did not involve a statutory discrimination claim such as Taylor's. *Kelly* specifically distinguished the *Alexander-Barrentine-McDonald* line of cases on this basis. (*Kelly,* at pp. 1337–1339 [79 Cal.Rptr.2d 763]; contrast also *Conner v. Dart Transportation Service* (1976) 65 Cal.App.3d 320, 322 [135 Cal.Rptr. 259] [labor arbitration given collateral estoppel effect on state common law claims].)

Nor are we persuaded by Lockheed's reliance on *Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477 [111 Cal.Rptr.2d 870]. *Castillo* held that collateral estoppel barred the plaintiff's FEHA claim due to an adverse finding in a hearing before the Los Angeles Civil Service Commission and a subsequent administrative mandamus proceeding. The case did not involve a prior labor arbitration under a CBA and the concerns expressed in the *Alexander, Barrentine* and *McDonald* cases are simply inapplicable to prior findings made in an administrative proceeding brought directly by an aggrieved employee.

Lockheed suggests that Taylor waived his right to pursue his statutory retaliation claim when he voluntarily submitted his grievance to his union. A similar argument was rejected in *Camargo*, which noted that the United States Supreme Court had refused to apply collateral estoppel to the plaintiff's statutory claim in *Alexander* even though the plaintiff in that case had submitted his grievance to arbitration. (*Camargo v. California Portland Cement Co., supra,* 86 Cal.App.4th at p. 1020, citing *Alexander, supra,* 415 U.S. at pp. 42–43.)

The judgment is reversed. Appellant Taylor is awarded costs on appeal.

Gilbert, P. J., and Yegan, J., concurred.