[No. D043854. Fourth Dist., Div. One. Nov. 29, 2004.]

In re the Marriage of CAROL and RICHARD WILCOX.
CAROL WILCOX, Plaintiff and Respondent, v.
RICHARD WILCOX, Defendant and Appellant.

COUNSEL

Nordman, Cormany, Hair & Compton, William E. Winfield and Brian Nomi for Defendant and Appellant.

Law Office of Morgan J. C. Scudi, Morgan J. C. Scudi and J. Ray Ayers for Plaintiff and Respondent.

OPINION

**HUFFMAN, J.**—Appellant Richard Wilcox appeals the trial court's order denying his motion to vacate the renewal of a judgment entered against him in favor of his former wife, Carol Wilcox. Richard contends the trial court erred in ruling the judgment did not constitute a judgment for the "possession or sale of property" under the meaning of Family Code section 291, which would have subjected it to the 10-year renewal requirement of section 683.130 of the Code of Civil Procedure.[1] We conclude appellant's contentions are without merit and accordingly affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard and Carol Wilcox divorced in 1991. On June 1, 1993, the trial court, in its "Attachment to Findings and Order After Hearing," entered a judgment against Richard and in favor of Carol for a total of $260,000. The attachment read in part: "2. Judgment is hereby entered in favor of Petitioner, Carol Wilcox, and against Respondent, Richard Wilcox, in the sum of $100,000. This judgment results from Respondent's default on the payments on the $92,500 principal obligation referred to in the Addendum to Judgment of Dissolution of Marriage. "3. Judgment is hereby entered in favor of Petitioner, Carol Wilcox, and against Respondent, Richard Wilcox, in the sum of $160,000. This judgment results from Respondent's default on the payments required of him under the $160,000 obligation referred to in the Addendum, as specifically defined in paragraph 12a(2) of the PMSA."

On November 19, 1993, the court entered a second judgment against Richard. However, the parties disagree as to the nature of this order. Carol contends that the November 1993 order amended the June 1993 order and

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

added to it an additional $35,879.07, for child support, spousal support, attorney fees, costs and interest. Richard agrees this was the amount of, and reason for, the November 1993 order, but contends it was a new order and did not amend or modify the June 1993 order. (It should be noted that the November 1993 order is not included in the appellate record. Despite this, both parties mention both its form and content throughout their appellate briefs. While Richard makes no citation to the record in this respect, Carol merely cites to a fictitious exhibit 1.)[2]

Ten years passed and Richard still had not satisfied the judgment. On August 21, 2003, Carol filed an application for renewal of her original judgment under section 683.140. On the renewal form, Carol listed she was renewing the court's order entered on "June 1, 1993, as amended November 19, 1993." Carol's renewal was granted on August 21, 2003, for a total of $583,748.43. This amount included $295,879.07 for the June and November 1993 orders, plus an additional $287,869.36 for interest and filing fees. Carol's renewal was filed more than 10 years from the date of entry of the June 1993 order, but less then 10 years from the date of entry of the November 1993 order.

Shortly thereafter, Richard filed a motion to vacate renewal of judgment with the trial court. In his points and authorities Richard argued Carol's renewed money judgment should be vacated under sections 683.020[3] and 683.130[4] because it was filed more than 10 years after entry of the June 1993 order and therefore should not have been renewed by the clerk.

Carol responded by arguing that section 683.310[5] specifically excludes Family Code judgments from the 10-year time limit for renewal under section 683.130 and therefore renewal was proper.

In his reply papers in the trial court, Richard argued for the first time that Carol's June 1993 order was not a money judgment, but rather a judgment for the "possession or sale of property" under the meaning of Family Code

---

[2] Respondent filed a copy of the November 1993 order and September 30, 2004 order to this court. We have reviewed that exhibit and consider it in part IID., *post.*

[3] Section 683.020 provides: "Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for the possession or sale of property: ¶ (a) The judgment may not be enforced."

[4] Section 683.130 provides: "(a) In the case of a lump-sum money judgment or a judgment for possession or sale of property, the application for renewal of the judgment may be filed at any time before the expiration of the 10-year period of enforceability provided by Section 683.020 or, if the judgment is a renewed judgment, at any time before the expiration of the 10-year period of enforceability of the renewed judgment provided by Section 683.120."

[5] Section 683.310 provides: "Except as otherwise provided in the Family Code, this chapter does not apply to a judgment or order made or entered pursuant to the Family Code."

section 291[6] and thus subject to the 10-year time limit for renewal under section 683.130. Richard further asserted that the November 1993 order did not amend the June 1993 order but rather merely "granted several new awards for interest, attorney fees, and support."

The trial court denied Richard's motion ruling that Family Code section 291 is specifically limited to judgments for the sale or possession of property, and therefore, because the June 1993 order is a Family Code money judgment, it is not subject to the 10-year time limit for renewal under section 683.130. Because the trial court ruled the June 1993 order was not subject to the 10-year time limit for renewal under section 683.130, it did not determine the nature of the November 1993 order.

## DISCUSSION

### I

### CAROL'S PROCEDURAL CONTENTIONS

Carol challenges Richard's appeal on the grounds (1) that the trial court's order is not an appealable final judgment, and (2) that she was not timely served. Both contentions are frivolous, and in the interests of clarity and economy they are disposed of quickly at the outset before discussion of the substantive issues.

A postjudgment order, such as the one here, which affects the judgment in some way or relates to its enforcement, is appealable so long as the appeal involves issues other than those decided by the judgment. (§ 904.1, subd. (a)(2); see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2004) ¶ 16:290, p. 16-86.)

Additionally, Richard's appeal was both timely and properly filed.[7] The court entered its order denying Richard's motion to vacate the judgment on January 22, 2004, and Richard promptly filed his notice of appeal with the superior court on February 25, 2004.[8]

---

[6] Family Code section 291 subjects judgments or orders "for possession or sale of property made or entered pursuant to [the family] code . . ." to the 10-year time limit for renewal outlined in sections 683.020 and 683.130.

[7] Carol cited Family Code section 215 in asserting Richard was required to serve his notice of appeal on her personally and not her attorney of record. Carol's argument is misguided. Family Code section 215 addresses applications for *modification* of a judgment, not appeals from a judgment.

[8] Carol further contends that Richard's appeal is improper because at the trial level he failed to cite to the correct code section in his motion to vacate. Again, this argument is frivolous as

## II

## RICHARD'S SUBSTANTIVE CONTENTIONS

On appeal Richard contends (1) that the trial court erred in ruling the June 1993 order was a Family Code money judgment exempt from the 10-year time limit for renewal under section 683.130, and (2) that because the November 1993 order did not amend the June 1993 order, Carol's August 2003 renewal was untimely with respect to the June 1993 order.

■ At the outset it should be mentioned that Richard had a duty to provide this court with an adequate record on appeal. (*Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 72 [40 Cal.Rptr. 690].) However, in this task, Richard has woefully failed. Richard has failed to provide this court with, among other things, the November 1993 order, the addendum to judgment of dissolution of marriage, and the marital settlement agreement. Despite this, Richard argues how their content affected the trial court's decision to deny his motion to vacate renewal of judgment. Although we chose to analyze the case with the materials provided to us, the inadequacy of the record alone provides a basis to dismiss Richard's appeal.

### A. *Character of the June 1993 Order*

Richard argues the June 1993 order resulted from his failure to timely make community property equalization payments, and thus the judgment is for the possession of property under the meaning of Family Code section 291. Neither the law nor the facts support Richard's position. To begin with, nothing in the record includes a single instance where the trial court determined, or even stated, the June 1993 order was premised on Richard's failure to make community property equalization payments. Richard claims this was implied in one of the trial court's statements during the hearing.[9] Richard further suggests that if we are unconvinced by the court's single statement we should review the trial court records for ourselves and confirm that the judgment stemmed from his failure to make community property equalization payments. We decline Richard's invitation to independently

---

Richard did cite the correct code section in the conclusion of his points and authorities. However, since this issue was not raised with the trial court, we refuse to address it on appeal.

[9] On October 1, 2004, Richard filed an application pursuant to California Rules of Court, rule 18(c) to transmit late exhibits. In that application, he attempted to augment the record to include the 1991 marital settlement agreement. He offered no information as to whether that document was considered by the trial court in this case. We denied his application.

acquire the records of the trial court. Richard had adequate time to compile a complete record for appeal and we will not take it upon ourselves to fulfill his responsibilities.[10]

■ Section 680.270 defines a "money judgment" as "that part of a judgment that requires the payment of money." The June 1993 order (which is all we have to base our decision on) ordered Richard to pay Carol $100,000 and $160,000, respectively. It is therefore unequivocally a money judgment.

### B. *Interpretation of Family Code Section 291*

■ The issue thus becomes whether Family Code section 291 subjects Family Code money judgments to the 10-year time limit for renewal under section 683.130. We conclude it does not.

■ Interpretation of a statute entails the resolution of a pure question of law which we review de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) " ' "When interpreting a statute, we must ascertain legislative intent so as to effectuate the purpose of a particular law. Of course our first step in determining that intent is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. [Citation.] When the words are clear and unambiguous, there is no need for statutory construction or resort to other indicia of legislative intent, such as legislative history." ' " (*Noel v. River Hills Wilsons, Inc.* (2003) 113 Cal.App.4th 1363, 1373 [7 Cal.Rptr.3d 216], quoting *National Technical Systems v. Commercial Contractors, Inc.* (2001) 89 Cal.App.4th 1000, 1007–1008 [108 Cal.Rptr.2d 67].)

■ The plain language of Family Code section 291 leaves no doubt that the Legislature did not intend to subject Family Code money judgments to the 10-year time limit for renewal under section 683.130.

■ A maxim of statutory construction states that the expression of certain items in a statute necessarily involves exclusion of other things not expressed. (*Fischer v. Los Angeles Unified School Dist.* (1999) 70 Cal.App.4th 87, 97

---

[10] We note, however, that Richard's argument would still fail even had the judgment been premised on Richard's failure to satisfy property equalization payments. Numerous money judgments result from property disputes of one form or another, but this certainly does not render them judgments for the possession or sale of property.

[82 Cal.Rptr.2d 452]; see also *In re Bryce C.* (1995) 12 Cal.4th 226, 231 [48 Cal.Rptr.2d 120, 906 P.2d 1275].) Money judgments are distinct from judgments for the possession or sale of property, and the Legislature confirms this in sections 683.020 and 683.130 by listing "money judgments" and "judgments for the possession or sale of property" separately instead of merely using the term "judgments." The clear import of this is that when the Legislature chooses to use the term "judgments for the possession or sale of property" in a statute, "money judgments" are necessarily excluded.

Richard contends that the Legislature was only concerned with exempting support payments from the 10-year time limit for renewal under section 683.130, and this was its sole purpose in passing section 683.310. He further contends that Family Code section 291 was enacted specifically to subject all nonsupport Family Code judgments to sections 683.020 and 683.130. Given the organization and history of Family Code section 291, Richard's contentions are without merit.

■ Section 683.310 exempts all judgments made or entered under the Family Code from the 10-year time limit for renewal outlined in the Code of Civil Procedure unless the Family Code specifically provides otherwise. Family Code section 291 then specifically provides that those judgments entered for the possession or sale of property are subject to the Code of Civil Procedure's 10-year time limit for renewal. If Richard's argument were adopted, Family Code section 291 would essentially repeal section 683.310 because all judgments, except those for support, would now be subject to the 10-year time limit for renewal. ■ However, the law shuns repeal by implication (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 569 [71 Cal.Rptr.2d 731, 950 P.2d 1086]), and if this was the result the Legislature had intended it would have explicitly provided in section 683.130 that all Family Code judgments, except those for support, are subject to the Code of Civil Procedure's 10-year time limit for renewal.

■ Additionally, Family Code section 291 and Code of Civil Procedure section 683.310 became effective on the same date, September 28, 2000. It must be presumed that the Legislature had existing laws in mind when it enacted a new statute (*Voss v. Superior Court* (1996) 46 Cal.App.4th 900, 925 [54 Cal.Rptr.2d 225]), and the Legislature would not have enacted section 683.310 to exempt all Family Code judgments if it was, for all practical purposes, reversing the operation of that exemption in a different statute enacted on the same day.

The Legislature's goal in enacting Family Code section 291 was solely to subject judgments for the possession or sale of property to the Code of Civil Procedure's 10-year time limit for renewal, not exempt only support payments from this time limit.

In fact, the Legislature has already enacted a statute specifically exempting support payments. Family Code section 4502 provides: "(a) Notwithstanding any other provision of law, a judgment for child, family, or spousal support, including a judgment for reimbursement that includes, but is not limited to, reimbursement arising under Section 17402 or other arrearages, including all lawful interest and penalties computed thereon, is enforceable until paid in full and is exempt from any requirement that judgments be renewed." Family Code section 4502 was made effective January 1, 2003. If the effect of Family Code section 291 was to subject all nonsupport Family Code judgments to a 10-year time limit for renewal, then Family Code section 4502 would serve no practical purpose.

Richard's argument merely attempts to twist the language of a clearly worded statute and is unable to withstand even minimal scrutiny.

### C. *Money is Not a Form of Property Under the Family Code*

Finally, Richard argues that money is a form of property under the Family Code, and thus it is well within the purview of Family Code section 291. Again, this argument is specious and not based on any sound reasoning. Richard's argument may be understandable if we were discussing which party would get possession of a coin collection sitting in a safe deposit box, because in this context one could perhaps assert that the money should be treated as property.[11] However, this is not the situation here. The June 1993 order simply ordered Richard to pay Carol $260,000; it did not indicate this money should come from any particular place, or even comment as to whether Richard had this amount of money in his possession (which he evidently did not). The June 1993 order is the epitome of a money judgment and Richard's blanket argument that all money is property, regardless of the context, is not well taken.

---

[11] While Richard's argument may be understandable, it would ultimately fail. A similar argument has already been addressed and rejected. (See *In re Marriage of Farner* (1989) 216 Cal.App.3d 1370, 1374 [265 Cal.Rptr. 531] [holding the portion of a judgment awarding wife a retroactive right to a portion of husband's retirement pay is a money judgment].)

## D. Effect of the November 1993 Order

Richard's appeal would still fail even had the June 1993 order been a judgment for the possession or sale of property, because it was amended by the November 1993 order and therefore Carol's renewal was timely.

■ When an amended judgment is entered, the 10-year period within which the judgment must be enforced or renewed commences upon the date of entry of the amended or modified judgment. (*Iliff v. Dustrud* (2003) 107 Cal.App.4th 1201, 1207 [132 Cal.Rptr.2d 848].) "By [its] plain terms this rule applies to any money judgment (or judgment for possession or sale of property) regardless of whether it be a modified or amended judgment, and without regard to finality." (*Ibid.*)

Richard argues that "The November 1993 Judgment did not modify, restate, or change the June 1993 Judgment in any way, but rather included money awards separate from, and in addition to, the sums awarded in the June 1993 judgment." Therefore, since the November 1993 order was not a modification or amendment of the June 1993 order the August renewal was untimely.

A review of the findings and order after hearing filed November 19, 1993, demonstrates it was a modification of the earlier "judgment." It added an attorney fees award to an obligation on a promissory note, child support arrearages, and interest on the $160,000 obligation established in June 1993. Paragraph 10 of the November order reads: "10. Petitioner's request for $4,823 costs incurred by her due to Respondent's default on the $160,000 obligation referred to in Paragraph 3 of the Order filed herein on June 1, 1993 is hereby granted. Said obligation shall be offset by the $2,790.60 Respondent previously erroneously advanced for Petitioner's automobile insurance ($735) and health insurance ($2,055.60), and thus, Respondent owes Petitioner a net of $2,032.40, which he shall pay forthwith."

The trial court's November 1993 order was one in a sequence of orders in a continuing family law case. It modified parts of the June 1993 order and declined to modify others. As to the "money judgment" portions of the June 1993 order, the November 1993 order is plainly a modification. We therefore conclude that even if Carol was required to renew the judgment such renewal was timely.

## DISPOSITION

The trial court's ruling is affirmed. Costs are awarded to respondent.

McConnell, P. J., and Benke, J., concurred.