Filed 4/26/13  Davis v. County of San Diego Air Pollution Control Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EARNEST A. DAVIS, | D061232 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2010-00095336-CU-OE-CTL) |
| COUNTY OF SAN DIEGO AIR POLLUTION CONTROL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed.

Plaintiff and appellant Earnest A. Davis, in propria persona, appeals the defense summary judgment granted for defendants and respondents, the County of San Diego Air Pollution Control District, John Annicchiarico, Robert Kard and Tom Weeks (the County) in his action on employment discrimination theories under the Fair Employment and Housing Act (FEHA).  (Gov. Code, § 12900 et seq.; Code Civ. Proc., § 437c; all further statutory references are to the Code of Civ. Proc. unless noted.)  After receiving opposition, including documents lodged by Davis, the trial court ruled that as a matter of law, the two prior administrative adjudications on claims arising out of the same circumstances, both resolved unfavorably to

Davis at the administrative and judicial levels, barred these same FEHA-based claims. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61 (*Johnson*); *Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477 (*Castillo*).)

On appeal, Davis argues that the trial court's grant of summary judgment was procedurally and substantively flawed, or that he was deprived of due process regarding the pursuit of additional allegations he now seeks to add to his previous claims (e.g., claims naming several individual coworkers, not an institutional defendant), and because he, a nonlawyer, was forced for economic reasons to represent himself. Davis further contends that he successfully identified triable issues of fact about discrimination, regarding inadequate representation by his previous retained counsel, who handled the prior litigation of the mandamus petitions, and who, when withdrawing as counsel, allegedly engaged in some kind of collusion with defense counsel and the trial courts that heard those matters.

Based on the inadequacies of Davis's briefing and record preparation, which failed to comply with basic principles of appellate practice, he has arguably forfeited any challenge to the summary judgment ruling. In any case, as a matter of law, this record discloses that the trial court correctly determined that the final orders, after unsuccessful appeals on the two prior administrative adjudications and related lawsuits, precluded these FEHA claims. (*Davis v. Unemployment Insurance Appeals Board* (Nov. 14, 2012, D060471) [nonpub. opn.] (No. D060471); *Davis v. Civil Service Commission* (Nov. 15, 2012, D060468) [nonpub. opn.] (No. D060468); together, our prior opinions.) All three of Davis's actions arose out of and were pursued on the same basic set of facts, and the trial court properly ruled, as a matter of law, that

2

Davis's current complaint reframing those allegations lacks merit. We affirm the summary judgment.

I

*BACKGROUND AND FACTS*

A. Previous Mandate Proceedings

We take some of the background facts from our prior opinions. Until 2009, Davis held several positions in County employment, most recently as an associate air pollution control engineer with the Vapor Recovery/Chemical Engineering section of the Air Pollution Control District (the District). In July 2008, the District provided him with a Performance Improvement Plan (PIP) to assist him in correcting several areas of deficiency. Davis did not complete the 2008 PIP, and took a nine-month leave of absence because of an injury.

In July 2008, Davis filed a complaint of sex and race discrimination and retaliation under FEHA. In April 2009, he filed a FEHA complaint for disability and racial discrimination . He received right-to-sue letters.

Davis returned to work in June 2009 "with a 25 [percent] reduction in keyboarding work restriction." The District provided him with a second PIP and accommodated his work restriction. Davis understood the District "generates revenue based upon charging time to projects." Further, he was expected to process at least four applications for a permit to operate (PO) per day and submit them to his supervisor for approval, and to enumerate his tasks on his daily time sheets.

Davis reported to work between June 16 and August 4, 2009, and he was paid for a total of 213.7 hours, but his time sheets for that period listed only two hours (less than one percent

3

of his time), for work on any projects (instead he reported work on "interactive process" and "personnel matters").  He submitted no PO's for approval, and provided no acceptable explanation.

In September 2009, the District terminated Davis's employment on the ground he produced "virtually no work" and "failed to demonstrate even the slightest effort . . . to perform."

Davis applied for unemployment compensation benefits.  The Employment Development Department determined he was ineligible for benefits.  On discrimination theories, he administratively appealed the denial to the Unemployment Insurance Appeals Board (the Board).  He argued he had been subject to sexual harassment, discrimination, ethnic and disability discrimination and retaliation.  That appeal was unsuccessful.

In May 2010, Davis filed a superior court petition for writ of administrative mandamus, challenging the Board's decision.  (§ 1094.5.)  The court denied the petition after independently examining the administrative record.  That ruling was upheld by this court November 14, 2012, in No. D060471.  We found he had forfeited his appeal by his inadequate briefing, but that even without any reliance on forfeiture, his claims were unsupported on the merits, and the order denying his petition was affirmed.

Separately, Davis challenged the County's employment decisions administratively by appeal to the County Civil Service Commission (the Commission).  He claimed that he had been the victim of discrimination and retaliation.  In March 2010, the Commission affirmed the County's termination of Davis's employment on the basis that Davis was guilty of inefficiency, insubordination and acts incompatible with or inimical to the public service.

4

In June 2010, Davis brought an amended petition for a writ of administrative mandamus under section 1094.5, requesting that the Commission's decision be set aside. The court denied the petition after independently examining the administrative record. The court found substantial evidence supported the Commission's findings.

That ruling was upheld November 15, 2012, in No. D060468. We found he had forfeited his appeal by not timely submitting the administrative record, and we affirmed the order denying his petition. Both of our prior opinions have now become final.

### B. Current FEHA Complaint and Summary Judgment Proceedings

In June 2010, Davis was represented by a law firm, which filed his FEHA complaint in seven causes of action: (1) race discrimination; (2) harassment because of race; (3) sex discrimination; (4) sexual harassment; (5) disability discrimination; (6) disability harassment; and (7) retaliation.

By January 2011, Davis had retained Mr. Pride as new counsel in this case, as well as in his two pending administrative mandamus writ petitions. As of a May 6, 2011, hearing in one of the administrative writ cases, Mr. Pride notified the court (Judge Randa Trapp) that Mr. Pride was attempting to negotiate a settlement of all three cases with the representative of county counsel's office, Mr. Songer. At that time, Mr. Pride had not filed any moving papers to advance his petition, because he thought there was a settlement of all three cases, but it had fallen through. The court discussed the matter with both counsel and granted a continuance. This court granted Davis's motion to augment the record to add the reporter's partial transcript of that May 6, 2011, motion hearing, since it pertained to matters within the current record.

5

According to Davis, he was not notified by Mr. Pride that Mr. Pride was withdrawing as counsel until very shortly before a scheduled hearing date. Davis then signed three substitution of attorney forms on August 10, 2011, corresponding to his three then pending lawsuits, to appear in propria persona. In his briefs on appeal, he now claims that he only meant to sign two, and only understood the writ cases were involved (not including the third one he signed, for this discrimination lawsuit).

The County defendants moved for summary judgment in this case on August 18, 2011, asserting that the prior administrative adjudications barred Davis's FEHA claims.

Davis filed opposition to the County's motion for summary judgment. He submitted a separate statement of undisputed facts and 56 loose documents in support of his opposition to the summary judgment motion. He attacked the merits of the prior administrative adjudications and not the legal arguments raised by the County.

At argument before the trial court on November 10, 2011, Davis argued that the two administrative adjudications and mandamus petitions were not final yet, because they were still on appeal to this court. He also argued that he had raised some new issues, such as his addition of allegations about an individual defendant, County management employee John Annicchiarico, whose conduct toward Davis had been investigated during Davis's prior litigation. Davis also claimed that his prior attorney had somehow colluded with defense counsel regarding the substitution of attorney that had occurred, only shortly before the summary judgment motion was filed.

After the hearing, the court granted summary judgment to the County on the grounds that the prior administrative adjudications, which had not been overturned, barred the FEHA

6

claims now being asserted, under case authority such as *Johnson*. The court noted there were many procedural defects in the separate statement filed by plaintiff and in the rest of plaintiff's submissions, such as the lack of any declarations or points and authorities. However, the court ignored the procedural deficiencies and reached the merits, after deeming Davis's exhibits had been lodged with the court (later returned to him). The court ruled that the County had provided evidence to meet its burden to establish that the claims at issue in the current action were barred, as previously adjudicated in the two administrative proceedings and subsequent mandamus actions.

This appeal followed, with designations of the record by each side. This court denied Davis's later motion for augmentation to add his previously lodged documents to this record.

II

*APPLICABLE STANDARDS*

Under section 437c, subdivision (c), a motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment rulings are reviewed de novo. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767-768; *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1143.)

On appeal, the court conducts an independent review of the moving and opposition papers and applies the same standards that govern a trial court's determination of a motion for summary judgment. (*Lopez v. University Partners* (1997) 54 Cal.App.4th 1117, 1121-1122; *Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1258.) "Under California's traditional rules, we determine with respect to each cause of action whether the defendant seeking

7

summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a matter of law." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)

Initially, we observe that plaintiff, as a litigant in propria persona, is "entitled to the same, but no greater, rights than represented litigants and [is] presumed to know the [procedural and court] rules. [Citations.]" (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795; *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799.)

As we previously pointed out in No. D060468, and as equally applicable here, "Error is *never presumed* on appeal. To the contrary, appealed judgments and orders are *presumed correct* . . . and appellant has the burden of overcoming this presumption by affirmatively showing error on an *adequate record*." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2012) ¶ 4:1, p. 4-1 (Eisenberg); *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) An

appellant must provide an adequate record and citations to the record to support affirmative claims of error. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.) Even in cases of de novo review, the court of appeal need not " ' "cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues." ' " (*Ibid*.)

Although this court could legitimately affirm the summary judgment on the basis that Davis has failed to present any understandable, persuasive, or supported arguments on appeal, we will exercise our discretion to consider the merits of the appeal, and we next examine the record for evidentiary and legal support for this summary judgment.

III

*ISSUE PRECLUSION RULES*

"Where a public employee chooses to file an internal grievance and receives an adverse finding, that finding binds the trial court in a subsequent FEHA action, unless the finding is overturned in a mandamus proceeding." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 225, pp. 304, 303, relying on *Johnson, supra*, 24 Cal.4th at p. 69.) Here, Davis's administrative appeals to the Board and the Commission were unsuccessful, and so were his mandamus petitions to challenge those denials of his claims.

Issue preclusion prevents "relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 (*Lucido*); *Castillo*, *supra*, 92 Cal.App.4th at p. 481.) To apply this issue preclusion doctrine in a given case, the courts inquire if (1) the issue was identical to that decided in the former proceeding, (2) the issue was actually litigated previously, (3) the issue was necessarily decided previously, (4) the previous

9

decision has become final and was on the merits, and (5) the person previously involved was a party or in privity with a party to the former proceeding.  (*Id*. at p. 481.)

An additional consideration for applying the doctrine of issue preclusion is whether it will further the public policies of " 'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.' "  (*Castillo*, *supra*, 92 Cal.App.4th at p. 481.)  This doctrine applies not only to a court's final findings, but also " 'bars the relitigating of issues which were previously resolved in an administrative hearing by an agency acting in a judicial capacity.' "  (*Ibid*.)

## A.  Type of Prior Proceedings; Finality

Two former administrative proceedings were involved here, to the Board and the Commission.  In both cases, the final administrative decision was made as the result of a proceeding in which a hearing was required to be given, evidence was required to be taken, and discretion in the determination of facts was vested in the inferior tribunal, corporation, board, or officer.  As such, the unfavorable administrative decisions were subject to section 1094.5 petitions for relief in mandamus, and Davis brought those, but lost.

The County submitted a supplemental authority letter referencing *Basurto v. Imperial Irrigation Dist.* (2012) 211 Cal.App.4th 866 (*Basurto*), and Davis filed an objection to that letter.  (Cal. Rules of Court, rule 8.254.)  In preparation for the scheduled oral argument, we allowed the parties to submit simultaneous supplemental letter briefing to give a brief summary of their positions on the applicability of this recent authority.  A key issue in *Basurto* was the adequacy of the internal grievance procedures utilized by that plaintiff for purposes of applying the doctrine of collateral estoppel to bar his later claims for civil damages.  (*Basurto,* at pp.

10

879-886.)  No such concerns are apparent here, because the Commission afforded the kind of quasi-judicial decision making that was equivalent to a judicial trial that satisfied basic due process considerations.  (*Id*. at p. 884.)

For that reason, we need not address the issue of whether the administrative decision rendered by the Board was likewise the kind of quasi-judicial decision making that was equivalent to a judicial trial that satisfied basic due process considerations.  (*Basurto, supra,* 211 Cal.App.4th at p. 884.)  It is also not necessary to discuss the authority about the options normally afforded to a public employee, to choose between pursuit of the public agency's own internal remedies or to file an employment discrimination complaint with the DFEH without exhausting such internal remedies.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1085, 1092; 3 Witkin, *supra*, Actions, § 225, pp. 303-304.)  Davis did both.  The next relevant question is what preclusive effect the administrative decision by the Commission had, depending on the identity of issues and parties requirements?  (*Lucido, supra,* 51 Cal.3d at p. 341.)

### B.  Type of Issues Litigated and Decided

Davis first claims his FEHA discrimination complaint is different enough from his writ petitions, to avoid any preclusive effect, because his discrimination complaint "involves, not only the County of San Diego as a defendant like the other two (2) cases, but also defendant John Annicchiarico, Robert Kard, and Tom Weeks, as individuals, UNLIKE the other lawsuits . . . ."  However, the same types of allegations were raised against all defendants in their official capacities, regarding alleged unlawful or wrongful termination of his employment, based on the conditions under which he worked and the discipline that he

11

received. These were similar enough factual allegations identifying what was actually at stake in each proceeding, for a preclusive effect. (*Lucido*, *supra,* 51 Cal.3d at p. 342.)

Likewise, the issues actually litigated in the administrative proceedings, as later reviewed in the mandamus petitions, raised Davis's allegations of unlawful discrimination based on his race, sex or disability, culminating in his allegedly wrongful dismissal. In the current summary judgment proceedings, the County brought forward evidence showing that the administrative decisions about his discharge were appropriately litigated and decided upon adequate records, and further adequately reviewed in a judicial forum, such that the County is now entitled to summary judgment as a matter of law.

We agree, initially, with the County that "Davis has had ample opportunity to present all his discrimination theories administratively," whether or not every conceivable theory was actually raised. Res judicata or collateral estoppel will appropriately bar those later claims that were, or could have been, brought in the prior litigation. (*Sutphin v. Speik* (1940) 15 Cal.2d 195, 202.) "If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable." (*Ibid*.)

In the next step of the analysis, we consider whether Davis's due process arguments must change our conclusion, under applicable rules, that issue preclusion applies and ends this case.

IV

*DUE PROCESS ARGUMENTS*

Even if issue preclusion may properly be applied in Davis's case, we also consider whether the public policy considerations enumerated in *Lucido, supra*, 51 Cal.3d at page 343, should nevertheless permit his desired further litigation. Will application of issue preclusion here serve to promote the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation"? (*Ibid.*; *Castillo, supra*, 92 Cal.App.4th at pp. 483-484.)

First, Davis claims the result is unfair in various ways, he has a right to go to trial, and he was somehow denied due process. Several factors play into this argument. These include the awkward timing of the substitution out of his previous attorney, his difficulty in finding replacement counsel and his subsequent propria persona status and his fears or suspicions that there was some kind of collusion or conspiracy in those respects.

Further, Davis seems to argue that he can continually add more allegations, such as in the factual representations in his briefs about inappropriate conduct by one of the individual defendants, such as in 2007 and 2008 (including indecent exposure or a "sexual assault"). He does not cite to this "evidence," such as pages in the record or in the stack of exhibits he submitted to the trial court and that was deemed as lodged with his summary judgment opposition. In fact, Davis's briefs are mainly unintelligible, and they ignore any evidence supporting the ruling of the trial court, instead inappropriately focusing only on evidence he thinks is in his favor.

13

Factual representations in the briefs that are unsupported by any citation to evidence are not properly before the court. (Cal. Rules of Court, rule 8.204(a)(1)(C) [brief must support any reference to a matter in the record by citation to where in the record the matter appears].) As we earlier pointed out in No. D060471, "[a]ny statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record.*" (Eisenberg et al., *supra*, ¶ 9:36, p. 9-12.) " 'It is neither practical nor appropriate for us to comb the record on [the appellant's] behalf.' " (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) In any case, similar allegations were put forth in the administrative proceedings about sexual harassment, race or disability discrimination, but were not proven, and these are not new claims. "Regardless of the forum, [Davis] must still establish the elements of his causes of action." (*Castillo, supra*, 92 Cal.App.4th at p. 486.) He has not shown he was dismissed out of any discriminatory motives.

Davis also claims, without support, that there was some kind of collusion at a May 6, 2011, hearing during the writ litigation, when his then-attorney, Mr. Pride, admitted he had failed to file any moving papers to pursue the writ petition, and the presiding judge allowed a continuance. Read as a whole, the transcript supports a conclusion that the court was making an effort to permit Davis's case to be resolved on the merits, and he cannot show that instead, it was some kind of "clandestine side deal" or "a travesty of justice." Nor can he show that defense counsel was somehow a party to the failure of his previous attorney to prepare for the hearing, in any meaningful way.

14

To the extent Davis claims his former counsel "unethically [substituted] out of the discrimination lawsuit," or that he was not aware that he had signed a substitution of attorney for himself in this case as well as the others, we cannot transform such claims into a reason to undermine the previous administrative and judicial adjudications, on the same issues.  This is not the proper forum for such arguments.

Moreover, although Davis argues that the trial court that heard the summary judgment motion acted short or impatient with him, possibly because Davis has a speech impediment, the reporter's transcript does not bear out such a claim.  Instead, it shows that the court attempted to put him at his ease, told him he was doing fine, and then thoroughly addressed the issues raised in the summary judgment moving and opposing papers, as well as inquiring into and clarifying the procedural history of the various stages of the litigation.  Moreover, the ruling is thorough and well reasoned.

"[M]ere self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984.)  Even without deeming Davis's claims forfeited, and even when we consider his due process deprivation arguments, we cannot find any indication in the record that the grant of summary judgment was inappropriate.  Rather, as a matter of law, we conclude that since Davis was unable to have the adverse administrative decision "set aside through judicial review procedures," the adverse finding was binding and it disposed of these alternatively framed, but essentially identical, discrimination claims under FEHA.  (See *Johnson, supra,* 24 Cal.4th at p. 76.)  We affirm the summary judgment.

15

DISPOSITION

Summary judgment affirmed.  Defendants and respondents shall recover their costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.