Filed 12/1/15  Queen of the Light La Nora Anderson v. TBC Associates CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| QUEEN OF THE LIGHT LA NORA ANDERSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>TBC ASSOCIATES et al.,<br><br>    Defendants and Respondents. | A142703<br><br>(Contra Costa County<br> Super. Ct. No. C11-01971) |

Plaintiff Queen of the Light La Nora Anderson appeals in propria persona (pro. per.) from a judgment entered after a court trial on a personal injury claim.  Because plaintiff's failure to provide this court with an adequate record precludes appellate review, we shall dismiss the appeal.

**BACKGROUND**

The appellate record provided to this court does not include a copy of a complaint or any document filed or prepared by the defendants in the action below, other than the proposed judgment.  Instead, the clerk's transcript consists of various pleadings filed by plaintiff, including oppositions to a demurrer and a motion to strike.  A supplemental clerk's transcript contains what appear to be trial exhibits offered by plaintiff consisting of various pictures.  However, there is no indication the exhibits were received into evidence at trial.  Although plaintiff sought to have a reporter's transcript included in the appellate record, she did not designate any proceedings to transcribe and, in any event, there was no reporter present at trial.  Plaintiff did not seek to prepare a settled or agreed

1

statement to serve as the record of the oral proceedings at trial.[1]  (See Cal. Rules of Court, rules 8.120(b), 8.134, 8.137.)  Consequently, there is no record of the oral proceedings conducted in the trial court.

Based upon what we can discern from the limited record before us, plaintiff was allegedly injured in 2009 when she fell at an apartment complex located in Richmond. She filed suit in Contra Costa County Superior Court against defendants TBC Associates and Gary Roda.  As best as we can tell, the individual defendants are the owners of the property where plaintiff allegedly suffered a fall.

A court trial was conducted over two days in May 2014.  In July 2014, the court issued a decision in favor of defendants.  The decision notes that the matter was tried in less than 8 hours and that no statement of decision was requested.  The decision states: "Plaintiff has failed to meet her burden of proof as to liability.  The crack in the concrete surface that plaintiff claims caused her fall was trivial in nature and also open and obvious to all of the users of the property.  The court finds that she shall take nothing by way of this action."

Plaintiff appealed from the court's decision.  The court subsequently entered judgment in favor of defendants.  We shall treat the appeal as having been taken from the subsequently entered judgment.  (Cal. Rules of Court, rule 8.104(d)(1).)

**DISCUSSION**

Defendants contend that the appeal fails for a lack of an adequate record.  We agree.

On appeal, we presume the judgment to be correct and indulge all intendments and presumptions to support it regarding matters as to which the record is silent.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *Gee v. American Realty &*

---

[1]In an apparent attempt to create a record of what transpired at trial, plaintiff asked this court to take judicial notice of a list of handwritten questions she purportedly asked at trial.  We denied the request.  She subsequently resubmitted the list of questions in typewritten form.  Insofar as she seeks to renew her request for judicial notice, it is again denied.  The proffered list of questions is not a proper subject of a judicial notice request or an augmentation motion.

*Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1415.) An appellant bears the burden of overcoming the presumption of correctness by providing an adequate record that affirmatively demonstrates error. (See *Defend Bayview Hunters Point Com. v. City and County of San Francisco* (2008) 167 Cal.App.4th 846, 859–860.)

The failure to provide this court with an adequate record not only fails to satisfy an appellant's burden to demonstrate error, it also precludes review of any asserted error. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [appellant who supplies no reporter's transcript is precluded from challenging sufficiency of the evidence]; *In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136–1137 [court presumes evidence supports judgment when record of pertinent oral proceedings is not provided].) Inadequacy of the record may warrant dismissal of an appeal. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463 ["Where the appellant fails to provide the reviewing court with a record enabling it to review and correct alleged errors the appeal will be dismissed."].)

Here, the record is patently inadequate. It does not even contain a complaint, which is the document that frames the dispute before the court. In the absence of a reporter's transcript or other record of the oral proceedings in the trial court, the appeal is treated as an appeal on the judgment roll. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082–1083.) On such an appeal, the evidence is conclusively presumed to support the trial court's findings. (*Nielson v. Gibson* (2009) 178 Cal.App.4th 318, 324.) This court's review is necessarily "limited to determining whether any error 'appears on the face of the record.' " (*Id.* at pp. 324–325.)

Plaintiff's opening brief fails to identify any errors on the face of the limited appellate record she has provided to this court. Her brief consists largely of abstract legal propositions. She also asserts a set of facts—unsupported by any citations to the limited record—and urges reversal.

Under these circumstances, dismissal is warranted for lack of an adequate record to permit appellate review. No purpose would be served by attempting to address plaintiff's legal contentions in the absence of a sufficient factual record. We are aware

that plaintiff brings this appeal without the benefit of legal representation, but her status as a pro. per. litigant does not exempt her from the rules of appellate procedure or relieve her burden on appeal. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We treat pro. per. litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247)

As a final matter, we note that plaintiff requested oral argument in response to a notice sent by the court's clerk, as a matter of course, when the appeal was fully briefed. A party's right to oral argument exists in any appeal considered *on the merits* and decided by written opinion. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254.) Because we dismiss the appeal without reaching the merits, plaintiff does not have a right to oral argument, which we deem unnecessary to our procedural dismissal of the appeal.

## DISPOSITION

The appeal is dismissed. Defendants shall be entitled to recover their costs on appeal.

4

_____
McGuiness, P. J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

A142703