Filed 3/25/24  Uriarte v. Matrai CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| MICHELE URIARTE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GYORGY MATRAI,<br><br>      Defendant and Appellant. | A165401<br><br><br>(Contra Costa County<br>Super. Ct. No. MSD19-02312) |

**MEMORANDUM OPINION[1]**

Gyorgy Matrai, who is representing himself in a marital dissolution action with his former spouse, Michele Uriarte, appeals an order entered by the trial court on June 6, 2022, that (1) denied Matrai's motion to disqualify Uriarte's counsel; (2) denied Matrai's motion to join Uriarte's counsel as a party; (3) granted Uriarte's motion to declare Matrai a vexatious litigant, imposed a pre-filing requirement and required an accounting to redact confidential information that Matrai has publicly filed; and (4) awarded Uriarte $2,000 in attorneys' fees under Family Code Section 271.[2]

---

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] Neither the accounting to redact confidential information nor the fee award would be independently appealable, but we consider them because they were part of the resolution of the vexatious litigant and disqualification motions respectively, both of which are appealable.

1

Uriarte did not file a respondent's brief or any other documents in the appeal, so we decide the appeal based on Matrai's opening brief and the record he supplied. (Cal. Rules of Court, rule 8.220(a)(2) (future undesignated rule references are to the California Rules of Court).) We conclude that Matrai has failed to establish any error in the trial court's June 6 order and therefore affirm.

## DISCUSSION

This action has been pending since May 2019. In that time, Matrai has filed multiple appeals challenging various orders issued in the same underlying action. His appeals for the most part have purported to challenge non-appealable orders and have been resolved against him by summary dismissal. (See, e.g., *Uriarte v. Matrai* (June 1, 2023, A166135, A166232) [nonpub. opn.] 2023 Cal.App. Unpub. Lexis 3178; *Uriarte v. Matrai* (Mar. 29, 2023, A165471) [nonpub. opn.] 2023 Cal.App. Unpub. Lexis 1899.) Matrai has been advised previously of the importance of providing an adequate record. (*Uriarte v. Matrai* (Mar. 29, 2023, A165471) [nonpub. opn.] 2023 Cal.App. Unpub. Lexis 1899 at *3–*4.) He has also been advised that the filing of appellate briefs not supported by citations to a proper record and appropriate authority can result in the imposition of sanctions. (*Uriarte v. Matrai* (June 1, 2023, A166135, A166232) [nonpub. opn.] 2023 Cal.App. Unpub. Lexis 3178 at *4; rule 8.276(a)(1).) As reflected in the discussion below, Matrai has failed to heed these warnings.

In the present appeal, Matrai challenges the order issued following a hearing on May 23, 2022, at which Matrai did not appear. The inadequate record provided by Matrai and the deficiencies in his opening brief largely preclude meaningful appellate review. Matrai has submitted an 11-volume, 3,153-page clerk's transcript, filled almost exclusively with irrelevant

materials.[3] His opening brief cites several times to the entirety of the clerk's transcript but—in violation of the applicable rule—fails to include a single citation by page to a specific document. (See rule 8.204(a)(1)(C).) Matrai's assertions of error are for the most part conclusory and not supported with relevant legal authority. (Rule 8.204(a)(1)(B).) In our own review of the record provided, we have found almost none of the documents that would be necessary for review of his claims. Matrai's failure to comply with the rules of court and to provide a record that permits review of the asserted errors arguably provides grounds for the dismissal of his appeal. (See *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Nonetheless, we briefly consider his arguments to the extent possible.

Matrai contends the order must be reversed because he was not given notice of the May 23 hearing. The register of actions shows, however, that Matrai's ex parte motion to disqualify Uriarte's attorney was filed February 1 and, at the time of filing, was set for hearing on May 23. With respect to his joinder motion, the record includes a notice and proof of service showing that on February 8, Matrai was given notice that the hearing was continued to May 23. The register of actions shows that Uriarte filed her motion to declare Matrai a vexatious litigant and for related relief on April 13, 2022, and the motion was set for hearing on May 23. The register also shows that several proofs of service were filed at the same time. Because Matrai did not include any of these documents in the record, he has forfeited any challenge to the sufficiency of the notice as to these motions. (*Ballard v. Uribe* (1986)

---

[3] Multiple volumes contained confidential information in violation of rules 8.45 and 8.47. We struck those volumes from the record and directed to Matrai to re-file them after redacting the confidential information.

41 Cal.3d 564, 574 [appellant "has the burden of showing reversible error by an adequate record"].)

Matrai contends the order denying his motion to disqualify Uriarte's counsel must be reversed because the trial court cited to only one of the many grounds for attorney disqualification listed in his motion and ignored the others. Having reviewed what we believe is the relevant pleading (an unfiled document entitled "Emergency Motion and Pleading on Disqualifying Michael Amthor and East County Family Law Group as Opposing Counsel"), we find that the trial court adequately responded to each ground for disqualification raised by Matrai. The trial court's order found "that Mr. Matrai failed to meet his burden demonstrating a[n] ethical conflict that prohibited representation of Petitioner Michelle Gonzaga Uriarte by Michael Amthor and East County Family Law Group." The court explained, "Mr. Matrai has failed to make a showing that either, Mr. Amthor or someone at East County Family Law Group, 'possesses confidential attorney-client information materially related to the proceedings before the court,' and so the Court finds that no rebuttable presumption arises. This is also not a case requiring disqual[ification] of attorneys representing adverse parties in successive representations. Nor is this a case involving familial relationships involving Mr. Amthor and any party to this action. Finally, the Court has nothing to suggest that Mr. Amthor is or would be a percipient witness in this matter."

With respect to the vexatious litigant order, Matrai contends the order must be vacated because the court failed to consider that he was represented by counsel for a period of time, that his filings were "initiated only and solely in response to various court proceedings in defense of himself and his minor son's due process right," and that the court's findings are generally

4

unsupported and contradictory. In declaring Matrai a vexatious litigant, the trial court relied on Matrai's filings in the dissolution action, as well as his filings in this court, the United States District Court for the Northern District of California and the United States Court of Appeals for the Ninth Circuit. The court found that Matrai met the definition of a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(3), in that he is someone who "while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." The court acknowledged that Matrai had been previously represented by counsel but carefully detailed all of Matrai's frivolous filings while self-represented. Because Matrai did not include any of Uriarte's moving papers in the record, even while he submitted several thousand pages of irrelevant material, Matrai's challenge to the sufficiency of the evidence in support of the court's order has been forfeited.

Matrai asserts that the court's order granting Uriarte's request for an accounting to redact confidential information is invalid because it fails to list the records to be redacted. The court found, however, that Matrai had repeatedly filed documents with unredacted social security numbers and account numbers and directed him to audit his pleadings and provide the court with a list of all documents to be redacted from the court's files. Given the voluminous nature of the filings by Matrai in this action, the court reasonably ordered him to determine initially which documents should be redacted.

Finally, Matrai contends that the "[o]rder to pay attorney's fees is invalid on its face because the payment order was issued with no supporting documents attached to justify the fees." He cites "Rule 1.5 of The State Bar of

5

California" in support of his argument that the order was issued without the "mandatory records and documentation." The rule cited is not applicable. Family Code section 271 authorizes an award of attorneys' fees as a sanction where a party's conduct "frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." The party requesting an award under this section is not required to demonstrate any financial need for the award. (*Ibid.*) Nor is the party seeking sanctions "required to establish any particular harm as a prerequisite to a sanctions award under [Family Code] section 271." (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1226.) The trial court awarded Uriarte $2000 based on Matrai's filing of the motions to disqualify Uriarte's attorney and to join her counsel as a party to the proceedings and his failure to appear at the hearing. Presumably, the request for sanctions was included in Uriarte's opposition filed May 10, but this is another document that, so far as we can tell, Matrai omitted from the needlessly voluminous record he supplied. Accordingly, we must presume that Matrai received notice as required by section 271 and that the request was properly supported. Given the incomplete record before us, Matrai has not established that the trial court abused its discretion in making the fee award. (*In re Marriage of Corona, supra,* 172 Cal.App.4th at p. 1225 ["A sanctions order under (Fam. Code) section 271 is reviewed for abuse of discretion"].)

6

## DISPOSITION

The June 6 order is affirmed.  Uriarte is entitled to recover costs, if any.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
SMILEY, J. *

---

* Judge of the Superior Court of California, Alameda County, assigned by the
Chief Justice pursuant to article VI, section 6 of the California Constitution.