Filed 10/9/25  Deakin v. Kahn CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DEREK PAUL DEAKIN, | B341099 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 23STCV08151 |
| ROBERT ALLAN KAHN, | |
| Defendant and Respondent. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Randolph Hammock, Judge.  Affirmed.

Derek Paul Deakin, in pro. per., for Plaintiff and Appellant.

Robert Allan Kahn, in pro. per., for Defendant and Respondent.

_____

Derek Paul Deakin sued his former lawyer for breach of contract after recovering less than he hoped from settling his personal injury lawsuit.  This lawyer, Robert Allan Kahn, then countersued for declaratory relief.

Kahn moved for summary judgment as cross-complainant and won. He obtained a declaration entitling him to the funds remaining in the client trust account, totaling about $270,000. The court entered judgment in January 2024. Deakin did not appeal.

Several months later, Kahn moved for summary judgment on Deakin's contract action. It appears Kahn premised this motion on claim and issue preclusion. The moving papers are almost entirely absent from our record. Deakin sought permission to augment the record, but he provided just three exhibits from Kahn's motion: seven pages total. Shortly before oral argument, Deakin sought to augment the record with the notice of ruling attaching the court's ruling on the second summary judgment motion. We grant the requested augmentation, which does not change the result here.

The trial court again granted summary judgment for Kahn. The court found the issues decided in its earlier ruling were dispositive of Deakin's complaint. It concluded res judicata applied. The court also found for Kahn on the merits, ruling there was a valid and unambiguous written retainer agreement between the parties. According to the court, there was no breach, no fraudulent inducement, no superseding oral agreement, and no wrongdoing by Kahn.

Deakin appealed this order granting summary judgment before it resulted in a judgment.

Overlooking this irregularity, we affirm because Deakin did not shoulder his burden to brief the pertinent issues adequately and to provide a sufficient record. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); see also *Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498–499 ["[T]he inadequacy of the record

2

alone provides a basis to dismiss [the] appeal. . . . We decline [appellant's] invitation to independently acquire the records of the trial court"].)

Deakin asks us to reverse the second grant of summary judgment against him and the award to Kahn. To do so, we must review the record independently and determine whether Kahn established his entitlement to judgment as a matter of law because there were no triable issues of material fact. (See Code Civ. Proc., § 437c, subd. (c).) We cannot undertake this analysis without knowing the arguments and evidence Kahn presented to the trial court.

In the absence of an adequate record, we presume the judgment is correct. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; *see also Jameson*, *supra*, 5 Cal.5th at p. 609 [if the record is inadequate for meaningful review, the appellant defaults and the trial court should be affirmed].)

Deakin represented himself. This does not mean we may disregard appellate rules. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267, 1270.)

Assuming Deakin had supplied an adequate record, his appeal still fails, as his opening brief does not mention claim preclusion or res judicata, which was the primary ground for granting the contested summary judgment. (*See Samara v. Matar* (2018) 5 Cal.5th 322, 326 [courts now refer to claim preclusion rather than res judicata].)

Arguments saved for the reply brief cannot save Deakin's appeal. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656; see also *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [appellants default where they predicate error only on select

3

parts of the record but ignore, or do not present, portions of the proceedings that may provide grounds to affirm].)

**DISPOSITION**

We affirm the order entered on August 13, 2024, and the resulting judgment.  We award costs to respondent.


WILEY, J.


We concur:



STRATTON, P. J.



VIRAMONTES, J.

4