Filed 1/22/26  Vellanoweth v. Arnold CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CARLOS VELLANOWETH, | B339501 |
| Petitioner and Respondent, | Los Angeles County |
| v. | Super. Ct. No. 23STFL06134 |
| CYNTHIA ANN ARNOLD, | |
| Respondent and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott J. Nord, Judge.  Affirmed.

Carlos D. Vellanoweth, in pro. per., for Petitioner and Respondent.

Cynthia Arnold, in pro. per., for Respondent and Appellant.

_____

Cynthia Arnold and Carlos Vellanoweth married on December 5, 2022.  They separated after about three months and were divorced on May 13, 2024.  The trial court ordered a single

spousal support payment of $1,500 from Vellanoweth to Arnold. Arnold appeals this portion of the judgment.

The court held a trial before finalizing the judgment of dissolution. At trial, both parties were allowed to present evidence. We do not have any of that evidence in our record.

The substantive record in this case consists of the judgment, Arnold's proposed settled statement, and a corrected settled statement signed by the trial court. There are no reported hearings, and the record does not include any pleadings, financial records, or other evidence that may have been used to calculate spousal support.

The corrected settled statement says that all assets existed before marriage, making them separate property, and that Arnold provided no evidence showing that any transmutation had occurred.

Arnold alleges that Vellanoweth failed to provide financial disclosures and that he defied several trial court orders. The record does not include these orders. Arnold also alleges that Vellanoweth unilaterally withdrew money from a joint account, but provides no evidence showing this account contained joint assets.

Arnold's briefing includes no references to the record, and as we have noted, the record includes no evidence of the details of either party's financial situation during or after their marriage.

We affirm because Arnold did not brief the spousal support issue adequately or provide a sufficient record. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); see also *Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498–499 ["[T]he inadequacy of the record alone provides a basis to dismiss [the] appeal"].)

2

Arnold asks us to reverse the trial court's spousal support determination based on insufficiency of the evidence supporting the court's ruling. We cannot undertake this analysis without knowing the arguments and evidence both parties presented to the trial court. The corrected settled statement says evidence was presented but does not say what it was.

In the absence of an adequate record, we presume the judgment is correct. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039; see also *Jameson*, *supra*, 5 Cal.5th at p. 609 [if the record is inadequate for meaningful review, the appellant defaults and the trial court should be affirmed].)

Arnold represented herself. This does not mean we may disregard appellate rules. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267, 1270.)

**DISPOSITION**

We affirm the order and award costs to Vellanoweth.


WILEY, J.

We concur:



STRATTON, P. J.



VIRAMONTES, J.

3