[No. B143598. Second Dist., Div. Four. Sept. 21, 2001.]

EDWARD CASTILLO, JR., Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

**COUNSEL**

Ronald P. Kaplan for Plaintiff and Appellant.

Rockard J. Delgadillo, City Attorney, Leslie E. Brown, Assistant City Attorney, and Judith D. Thompson, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**EPSTEIN, J.**—Plaintiff appeals from summary judgment entered against him in this wrongful termination action. The summary judgment was granted based upon final determinations in an earlier administrative action. We find no triable issue of material fact and affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

Edward Castillo, Jr., worked for the Bureau of Engineering in the Department of Public Works of the City of Los Angeles for 29 years. In June 1996, he was dismissed for cause. According to the city, this action was taken because of his repeated unauthorized absences and tardiness. Castillo appealed his discharge to the Los Angeles County Civil Service Commission (Commission). An evidentiary hearing was conducted that August. The hearing examiner, in her report filed with the Commission in October, found that the charges were established by the evidence and recommended that the Commission sustain the dismissal. The Commission requested that the Board of Public Works (Board) substitute a lesser penalty, but the Board reaffirmed the discharge in January 1997.

In April 1997, Castillo filed a petition for writ of mandate in superior court pursuant to Code of Civil Procedure section 1094.5,[1] seeking review of the administrative decision. A hearing on the petition was not held until January 1999.

Meanwhile, in June 1997, Castillo filed three claims with the California Department of Fair Employment and Housing (DFEH) alleging that he had

---

[1] All statutory references are to the Code of Civil Procedure, unless otherwise indicated.

been dismissed because of his age or national origin. The claims were lodged against the City of Los Angeles and two of Castillo's supervisors, David Lindell and Glen Nave (collectively, City). In July 1997, DFEH sent Castillo letters indicating that the three cases had been closed and that he had the right to sue each of the parties.

While the mandate petition was pending, Castillo filed this action against City, alleging wrongful discharge based on age, race, and national origin, and in violation of public policy.

The mandate petition was denied in January 1999. City then moved for summary judgment, or in the alternative, summary adjudication in the wrongful discharge action. The trial court granted summary judgment based on the administrative hearing, denial of the writ, and the principles that bar relitigation. Castillo timely appealed from the judgment.

## DISCUSSION

■ "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [100 Cal.Rptr.2d 352, 8 P.3d 1089].)

A defendant may move for summary judgment on the grounds that the action has no merit. (§ 437c, subd. (a).) A cause of action has no merit if "[o]ne or more of the elements of the cause of action cannot be separately established . . . ." (§ 437c, subd. (n)(1).) Summary judgment is required if the moving papers "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).)

Castillo brings three causes of action, all essentially claiming wrongful discharge based on disparate treatment because he was a 49-year-old Mexican-American. The first cause of action is for wrongful termination in violation of public policy, in which the policies he cites are federal and state prohibitions of discrimination by age, race, and national origin. The remaining causes of action allege discharge based on age, race, and national origin in violation of the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.).

■ All the causes of action raise the question of whether Castillo's discharge was wrongful because it was for the improper reason of discrimination based on age, race, or national origin, or proper because it was for

unsatisfactory attendance and failure to improve. If the evidence set forth in the moving papers shows that Castillo cannot establish that his discharge was wrongful, summary judgment will be affirmed.

The trial court granted summary judgment by applying "the principles that bar relitigation and as a result of the administrative proceedings and the subsequent judicial review of the administrative proceedings."[2] The applicable principle that bars relitigation is issue preclusion, also known as collateral estoppel.

Issue preclusion prevents "relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal.Rptr. 767, 795 P.2d 1223, 2 A.L.R.5th 995].) The threshold requirements for issue preclusion are: (1) the issue is identical to that decided in the former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding is final and on the merits, and (5) preclusion is sought against a person who was a party or in privity with a party to the former proceeding. (*Ibid.*) When those requirements are met, the propriety of preclusion depends upon whether application will further the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." (*Id.* at p. 343.) Issue preclusion is not limited to barring relitigation of court findings. It also "bars the relitigating of issues which were previously resolved in an administrative hearing by an agency acting in a judicial capacity." (*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 242 [244 Cal.Rptr. 764].)

The former proceeding involved here is the administrative process which ended when the Board affirmed the findings in the report by the hearing examiner. In that report, the hearing examiner made two findings: the evidence established Castillo's continued unsatisfactory attendance and failure to improve, and Castillo's discharge was appropriate.

The issue, wrongfulness of the discharge, is identical in the administrative proceeding and this suit. "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings . . . ." (*Lucido v. Superior Court, supra,* 51 Cal.3d at p. 342.) In his complaint, Castillo alleges that he was entitled to take time off, gave proper notice when he did take time off, and that he was discharged for conduct that

---

[2]In the summary judgment motion, City also asserted the complaint did not state facts sufficient to constitute a cause of action, and the defendants were entitled to governmental immunity. Because we resolve the appeal on other grounds, we need not discuss these issues.

was not even punished when done by people of other ages and races. Before the hearing examiner, City alleged unauthorized absences and Castillo alleged disparate treatment and discrimination. The allegations in the two proceedings are thus identical.

The second *Lucido* requirement is that this issue was actually litigated in the former proceeding. "An issue is actually litigated '[w]hen [it] is *properly raised*, by the pleadings or otherwise, and is submitted for determination, and is *determined . . . .*'" (*People v. Sims* (1982) 32 Cal.3d 468, 484 [186 Cal.Rptr. 77, 651 P.2d 321], quoting Rest.2d, Judgments, § 27, com. d, p. 255.) Castillo was entitled to a full hearing and had ample opportunity to raise issues and present evidence at that hearing. (See *La Prade v. Department of Water & Power* (1945) 27 Cal.2d 47, 50 [162 P.2d 13].)

The hearing examiner's report indicates that the reasons given for Castillo's discharge were his continued unsatisfactory attendance and failure to improve. At the hearing, City presented documentary and testimonial evidence in support of these reasons and Castillo presented evidence showing why his attendance was satisfactory. Castillo also presented evidence in his defense, some of which was rejected as hearsay, showing disparate treatment by his supervisor, defendant Lindell, and others. However, he did not attribute the disparity to discrimination based upon age, race, or national origin. The hearing examiner weighed the evidence and concluded that the discharge was appropriate.

Castillo argues on appeal that the issue of discrimination was not litigated in the administrative or mandate proceedings. Though the hearing transcript belies this claim, Castillo has not shown that he was prevented from introducing admissible evidence relevant to that issue.

The next *Lucido* requirement, that the issue was "necessarily decided," has been interpreted to mean that the issue was not " 'entirely unnecessary' " to the judgment in the prior proceeding. (*Lucido v. Superior Court, supra,* 51 Cal.3d at p. 342.) The hearing examiner necessarily decided that Castillo's discharge was for proper reasons when she found the discharge "appropriate." Further, if the hearing examiner were to have found that the reasons for discharge were merely a pretext for discrimination, she would not have found the discharge was appropriate. The rejection of any claim of pretext was not entirely unnecessary to the judgment in the administrative proceeding.

The administrative decision was final and on the merits. It became final when the trial court denied the petition for writ of mandate and the time for

appeal of the denial passed. (§ 1064.) It was on the merits because it followed a "full hearing" in which " 'the substance of the claim [was] tried and determined.' " (*Beverly Hills Nat. Bank v. Glynn* (1971) 16 Cal.App.3d 274, 286 [93 Cal.Rptr. 907], quoting what is now 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 313.)

The requirement that preclusion be exercised against a party in the prior proceeding is met because Castillo was a party in both proceedings.

Though we have determined that issue preclusion may be applied in the present case, we must examine the public policy considerations enumerated in *Lucido* to determine if we should estop relitigation. The first policy is integrity of the judicial system.

In *People v. Sims, supra,* 32 Cal.3d 468, the Supreme Court considered this policy when it precluded litigation in a criminal trial of whether the defendant fraudulently obtained welfare benefits. That issue had been decided in an earlier administrative proceeding. The court found that the possibility of inconsistent judgments, which may undermine the integrity of the judicial system, precluded relitigation of the issue after the administrative decision that the evidence did not support a finding of fraud. (*Id.* at p. 488.) The court reasoned that allowing relitigation would diminish the value of the administrative process, which was the defendant's sole means of challenging the administrative charges. (*Ibid.*)

As in *Sims,* allowing Castillo to relitigate the question of wrongful discharge would diminish the value of the administrative process that concluded that his discharge was proper, especially where, as here, an employee must challenge the action administratively before filing suit. (See *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 70 [99 Cal.Rptr.2d 316, 5 P.3d 874].) While the court in *Lucido* found that integrity of the judicial system would not be undermined by allowing the same criminal charge to be litigated in both a probation revocation hearing and a criminal trial because the public had separate interests in the two proceedings, both the public and the parties have only one interest here: seeing that employees are not wrongfully discharged. (*Lucido v. Superior Court, supra,* 51 Cal.3d at p. 348.)

Judicial economy is also served by applying issue preclusion. Allowing the trial court to rely on the litigated and necessary findings from the administrative process would "minimiz[e] repetitive litigation." (*People v. Sims, supra,* 32 Cal.3d at p. 488.)

Finally, applying issue preclusion serves the policy of protecting parties from vexatious litigation. Vexatiousness is "harassment through baseless or

unjustified litigation." (*Lucido v. Superior Court, supra,* 51 Cal.3d at p. 351.) In *Sims,* relitigation would have been harassment because the state had an adequate opportunity at the administrative hearing to prove its allegations. (*People v. Sims, supra,* 32 Cal.3d at p. 489.) In *Lucido,* however, a criminal trial was found neither baseless nor unjustified after a probation revocation hearing involving the same crime because the public was interested in both holding a probationer to the terms of his probation and holding a defendant accountable for crimes. (*Lucido,* at p. 351.) The policy against vexatious litigation favors applying issue preclusion here because Castillo had an adequate opportunity at the administrative hearing to prove that his discharge was wrongful, and because a single interest is being protected by both the administrative and present proceedings.

Castillo argues that, under *Swartzendruber v. City of San Diego* (1992) 3 Cal.App.4th 896 [5 Cal.Rptr.2d 64], he may bring a claim under the FEHA without overturning the administrative finding against him. (*Id.* at p. 910, disapproved in *Johnson v. City of Loma Linda, supra,* 24 Cal.4th at p. 72.) Castillo claims that *Swartzendruber* was overruled only on the ground of exhaustion of remedies and that its conclusions on other issues remain viable and should inform the outcome of the present case.

In *Swartzendruber,* a dismissed municipal employee challenged her dismissal through the city's administrative process, claiming, among other things, that the city discriminated against her on the basis of sex. The administrative adjudication concluded that the plaintiff violated various orders and regulations, justifying this disciplinary sanction. The plaintiff did not petition for a writ of mandate under section 1094.5. Instead, she filed a sex discrimination complaint with DFEH, received a right-to-sue letter,[3] and sued the city for sex discrimination as well as other causes of action. The trial court granted summary judgment for the city, on the ground that the sex discrimination claim was barred by res judicata. (*Swartzendruber v. City of San Diego, supra,* 3 Cal.App.4th at pp. 901-902.) The Court of Appeal reversed, holding that FEHA presented an "alternative administrative avenue to the City's internal review proceedings and an appeal to the Commission," and that the plaintiff was entitled to pursue that avenue since she had received a right-to-sue letter from DFEH. (*Id.* at p. 910.)

*Johnson v. City of Loma Linda, supra,* 24 Cal.4th 61, presented almost identical facts. In that case, too, a municipal employee was dismissed and

---

[3]The plaintiff also complained to, and received a right-to-sue letter from, the Equal Opportunity Employment Commission.

challenged the dismissal administratively. The administrative adjudication resulted in findings that the dismissal was for economic reasons, and was not the product of unlawful discrimination. The employee filed a discrimination complaint with DFEH, received a right-to-sue letter, and sued under the FEHA. Joined with that suit was a petition for a writ of mandate under section 1094.5. The trial court granted summary judgment, ruling that the writ of mandate was barred by the doctrine of laches, and the discrimination claim failed because the plaintiff was bound by the administrative finding. (*Johnson, supra*, 24 Cal.4th at pp. 66-67.)

The Supreme Court upheld the summary judgment on the FEHA claim, holding that the *Swartzendruber* court erred in not applying "the requirement of exhaustion of *judicial* remedies . . . to FEHA claims when, as here, an administrative process provides internal remedies and the plaintiff fails to obtain the requisite judicial review of an adverse administrative finding." (*Johnson v. City of Loma Linda, supra*, 24 Cal.4th at p. 72.) "We conclude that when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA." (*Id.* at p. 76.)

Castillo argues that *Johnson* upheld summary judgment only because the employee failed to exhaust his judicial remedies, and thus *Swartzendruber*'s conclusion that FEHA and administrative adjudication are alternative avenues is still valid. This is an incorrect characterization of *Johnson*.

The judicial remedies discussed in *Johnson* are a petition for a writ of mandate under section 1094.5 and any appeals that may be taken following the grant or denial of the writ. *Johnson* held that these remedies are "necessary to avoid giving binding 'effect to the administrative agency's decision . . . .' " (*Johnson v. City of Loma Linda, supra*, 24 Cal.4th at p. 70, quoting *Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637, 646 [47 Cal.Rptr.2d 29].) When judicial remedies have been exhausted, the administrative finding has either been upheld or set aside. If the administrative finding is upheld, or if it is never challenged judicially, it is "binding on discrimination claims under the FEHA." (*Johnson,* at p. 76.) In disapproving *Swartzendruber, Johnson* thus held that, where "an administrative process provides internal remedies," an administrative finding is binding unless reversed through the judicial process. (*Id.* at p. 72.)

*Swartzendruber* relied upon *Rojo v. Kliger* (1990) 52 Cal.3d 65 [276 Cal.Rptr. 130, 801 P.2d 373], in concluding that "recourse to the FEHA

administrative procedures eliminates the need to pursue administrative mandamus pursuant to Code of Civil Procedure section 1094.5." (*Swartzendruber v. City of San Diego, supra,* 3 Cal.App.4th at p. 911, fn. 8.) *Rojo* held that a plaintiff need not exhaust administrative remedies under FEHA before bringing a suit alleging nonstatutory causes of actions arising from employment discrimination. (*Rojo,* at p. 88.) *Johnson* explained that where no internal remedy is available, such as with the nonstatutory cause of action in *Rojo,* there is no need to exhaust administrative remedies before bringing suit. (*Johnson v. City of Loma Linda, supra,* 24 Cal.4th at p. 72.) However, where internal remedies are available, as in *Swartzendruber* and the present case, a plaintiff must exhaust judicial remedies if he or she wishes to prevent an administrative adjudication from becoming binding. (See *ibid.*)

The Los Angeles civil service has a mature administrative process, which provides internal remedies that satisfy due process requirements. Castillo suffered an adverse finding in that process. While the *Johnson* employee's failed section 1094.5 petition was barred by laches, Castillo's petition for the same relief was denied on the merits. The administrative finding is now binding on Castillo's discrimination claim under the FEHA: he may not relitigate the adjudicated issue in that proceeding: that his discharge was not wrongful.

Even if we permitted Castillo, as he argues we should, to "split his causes of action" between administrative and judicial avenues, we would still affirm. Regardless of the forum, Castillo must still establish the elements of his causes of action. If City can show that any element cannot be established, as is the case with the element of wrongfulness of discharge, it is entitled to summary judgment. (§ 437c, subd. (n)(1).)

Finally, Castillo argues that preclusion is improper because this suit involves a different primary right than the administrative proceeding. The primary right involved determines the scope of the cause of action, which bears on whether claim preclusion is proper. (See *Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1474 [249 Cal.Rptr. 578].) However, the scope of the cause of action in a prior proceeding has no bearing on whether a party should be allowed to relitigate an issue.

In sum, because the prerequisites of issue preclusion are met, and because the public policy considerations favor application of the doctrine, Castillo is precluded from relitigating the issue of whether his discharge was wrongful. He therefore is bound by the hearing examiner's finding, confirmed by the

Board, that his discharge was appropriate. Because he cannot prove wrongfulness of discharge, which is an element of his causes of action, City is entitled to judgment as a matter of law. Summary judgment is appropriate.

## DISPOSITION

The judgment is affirmed. Respondents to have their costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.

A petition for a rehearing was denied October 15, 2001.