**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER LYNN JOHNSON, M.D., <br><br>                 Plaintiff - Appellant, <br><br>    v. <br><br> RIVERSIDE HEALTHCARE SYSTEM, LP, a California limited partnership, DBA Riverside Community Hospital; ROBERT DUNCANSON, M.D., <br><br>               Defendants - Appellees. | No. 09-56871 <br><br> D.C. No. 5:03-cv-01392-ABC-PJW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted May 6, 2011
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

    **1.**    In *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116 (9th

Cir. 2008) (*Johnson II*), this court limited its remand to Dr. Johnson's hostile work

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

environment claim.  The court explicitly stated that Dr. Johnson had waived "all other claims except those mentioned" therein.  *Id.* at 1121; *see also id.* at 1128.  Moreover, the court clarified that Dr. "Johnson's § 1981 claim against the Medical Staff, which included his contentions that the Medical Staff wrongfully revoked his staff privileges and that the Medical Staff created a hostile work environment, was among those claims waived by the first amended complaint." *Id.* at 1121 n.2.[1]  The district court therefore did not err in concluding that the remand was limited to Dr. Johnson's § 1981 hostile work environment claim asserted against Riverside and Dr. Duncanson.

   **2.**    Dr. Johnson is collaterally estopped from arguing that the denial of his application to the Medical Staff was racially motivated and was, therefore, additional evidence in support of his hostile work environment claim.  Under

_____

[1] Tellingly, this footnote did not appear in the original version of the *Johnson II* opinion.  *See Johnson v. Riverside Healthcare Sys., LP*, 516 F.3d 759 (9th Cir. 2008).  It was added in response to Dr. Johnson's petition for panel rehearing, which argued that the court had erred by failing to address his § 1981 claim of racially-motivated termination and refusal to re-admit.  In response, the defendants pointed out that Dr. Johnson's first amended complaint stated that the *Medical Staff* – not Riverside Community Hospital (Riverside) or Dr. Duncanson – was responsible for terminating Dr. Johnson, forcing him to reapply, and ultimately recommending the denial of his application for readmission.  The response further noted that Dr. Johnson had "admittedly waived his Section 1981 claim against the Medical Staff when he dropped the Medical Staff as a defendant as to his first cause of action."  The court evidently agreed with the defendants' argument.

California law, issue preclusion applies to issues resolved by administrative bodies acting in a judicial capacity. *See Murray v. Alaska Airlines, Co.*, 50 Cal. 4th 860, 867 (2010). All of the threshold requirements for collateral estoppel are met in this case. *See Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 481 (2001). Dr. Johnson argued that the denial of his application was racially motivated at the Judicial Review Committee (JRC) hearing, and before the Appeal Board and the California courts.[2] In *Johnson v. Riverside Healthcare Sys., LP*, No. E038410, 2007 WL 2985251, at *4 (Cal. Ct. App. Oct. 15, 2007) (*Johnson I*), the California Court of Appeal found that Dr. Johnson's "principal defense" in the JRC proceedings was that the charges against him "were motivated by racial and homophobic bias." The JRC expressly found that the charges were not motivated by racial bias, and the Appeal Board and Court of Appeal agreed. The Court of Appeal's decision is final and was on the merits, and preclusion is being sought against Dr. Johnson, who was a party in all of the prior proceedings.

Applying collateral estoppel in this case is also consistent with California's public policy concerns because it will preserve judicial integrity, promote judicial

---

[2] Dr. Johnson's argument that issue preclusion does not apply because the JRC wrongly put the burden of proof on him has no merit, given that the California Court of Appeal already determined that the JRC's placement of the burden of proof on Dr. Johnson did not affect its decision. *See Johnson I*, 2007 WL 2985251, at *19-20.

3

economy, and protect against vexatious litigation. *See Castillo*, 92 Cal. App. 4th at 481. Moreover, Dr. Johnson had the opportunity for judicial review, and the California Court of Appeal upheld the fairness of the JRC proceedings in a detailed opinion. *See Vandenberg v. Superior Court*, 21 Cal. 4th 815, 829 (1999).

The district court correctly concluded that Dr. Johnson was collaterally estopped from arguing that the denial of his application was racially motived. Thus, he cannot use the denial of his application to support his hostile work environment claim.

**3.** The district court violated the law of the case by granting summary judgment to the defendants on Dr. Johnson's hostile work environment claim. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 924 (9th Cir. 2003). In *Johnson II*, this court held that three detailed allegations in Dr. Johnson's complaint – the encounter with Dr. Vlasak, the take-out-the-trash "jokes" and instances of insubordination by Nurse Dickinson, and the race-based decisionmaking by Dr. Childers – were sufficient to state a claim for relief. 534 F.3d at 1123. On remand, Dr. Johnson provided support for each of these allegations, with the difference only that Dr. Childers' race-based decisionmaking occurred at a different hospital. Dr. Childers' conduct was, however, known to Dr. Johnson and Dr. Childers had a position of authority at Riverside. In addition to evidence supporting these three

4

allegations, Dr. Johnson provided evidence in opposition to the defendants' motion for summary judgment regarding statements made by his supervisor, Dr. Baxter indicating that Dr. Johnson was subjected to greater scrutiny at Riverside because of his race.

On balance, Dr. Johnson provided at least as strong evidence of a hostile work environment as was alleged in the complaint. Therefore, under the law of the case, he has raised a genuine issue of material fact as to whether he was subjected to a racially hostile work environment.

The district court was correct in pointing out that the standard on a motion to dismiss differs from that on a motion for summary judgment. To survive a motion to dismiss, a plaintiff need only state sufficient facts to make a claim for relief plausible, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), whereas to survive a motion for summary judgment, a plaintiff must raise a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). In some cases, this difference would matter a great deal – for example if the complaint was relatively vague or if the defendant raised an affirmative defense, or if the plaintiff was not able to introduce evidence supporting allegations in the complaint. Here, however, the allegations in Dr. Johnson's complaint were quite specific, and the defendants did not raise any affirmative defenses regarding

5

whether Dr. Johnson was subjected to a hostile work environment. Under these circumstances, the law of the case dictates that since Dr. Johnson's evidence supports the allegations made in his complaint, he has raised a genuine issue regarding whether he was subjected to a hostile work environment.

4. Because the district court erroneously determined that Dr. Johnson was not subjected to a hostile work environment, it never addressed whether Dr. Johnson raised a genuine issue regarding the defendants' liability. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112, 1118-19 (9th Cir. 2004). As to liability for Dr. Baxter's actions, Riverside "may raise a two-pronged affirmative defense to avoid vicarious liability for a hostile environment created by a supervisor." *Id*. at 1119. Regarding actions by Dr. Johnson's coworkers, Dr. Johnson's declaration that he reported nearly all of the incidents to his supervisor, who did nothing in response, is likely sufficient for a reasonable jury to find Riverside liable. *See id*. at 1119-20; *Nichols v. Azteca Restaurant Enters., Inc.*, 256 F.3d 864, 875-76 (9th Cir. 2001) ("When the employer undertakes no remedy, or where the remedy does not end the current harassment and deter future harassment, liability attaches for both the past harassment and any future harassment.").

A more difficult question is whether Dr. Duncanson can be held liable for the harassment. Dr. Duncanson appears to have been included in this case largely

because of his role in Dr. Johnson's termination, the denial of his reapplication, and the filing of the 805 Report. Given our holding that only Dr. Johnson's hostile work environment claim survived the motion to dismiss, it is unclear whether Dr. Duncanson should continue to be a defendant. Dr. Duncanson raises several arguments regarding why he cannot be liable, including statutory immunity, lack of a contract with Dr. Johnson, and lack of evidence that Dr. Duncanson participated in or was aware of the alleged wrongdoing.

We decline to address any of these issues for the first time on appeal, and remand to the district court to determine whether Riverside and/or Dr. Duncanson are liable for the harassment.

**5.** Dr. Johnson requests that we remand to a different judge. We deny his request because he failed to demonstrate personal bias by Judge Collins or "unusual circumstances" that require reassignment. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040-41 (9th Cir. 2008).

We therefore **REVERSE and REMAND** Dr. Johnson's hostile work environment claim, but **AFFIRM** in all other respects. Each party shall bear its own costs on appeal.