Filed 4/10/15  Staich v. Brown CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| IVAN VON STAICH, | |
| Plaintiff and Appellant, | G048449 |
| v. | (Super. Ct. No. 30-2012-00551494) |
| EDMUND G. BROWN, JR., as Governor, etc., | O P I N I O N |
| Defendant and Respondent. | |


Appeal from a judgment of the Superior Court of Orange County, Glenda Sanders, Judge.  Affirmed.

Ivan Von Staich, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Thomas S. Patterson and Suzanne Antley, Deputy Attorneys General, for Defendant and Respondent.

*          *          *

Ivan Von Staich's grant of parole was reversed by the Governor Edmund G. Brown, Jr. He brought a habeas claim seeking reinstatement of the grant of parole before the trial court, which heard his case and issued a decision denying his petition. This court and the California Supreme Court both subsequently denied relief. Unsatisfied with this result, Staich sued the Governor for contempt, arguing the Governor had considered parts of his criminal record the trial judge in his original case had ordered removed from his prison record. He sought $1,000 as a fine for contempt, damages payable to him in an unnamed amount, and a reversal of the order denying parole. The trial court sustained the Governor's demurrer without leave to amend, concluding issue preclusion barred Staich's claim. We agree and therefore affirm.

## I

## FACTS

In 1983, Staich was convicted of second degree murder with use of a firearm and attempted second degree murder. Twenty days after his release from a federal prison term, he killed his former girlfriend's new husband and attacked the former girlfriend, leaving her with severe injuries. He was sentenced to 30 years to life.

In 2011, a parole consideration hearing was held before the Board of Parole Hearings (BPH). Parole was granted, but the Governor reversed the grant of parole on February 12, 2012, finding Staich would pose a current danger to the public if released. The Governor noted the circumstances of the instant offense, as well as Staich's social history, which included criminal behavior, juvenile arrests, threats, intimidation, and physical attacks. In a 2010 psychological evaluation, the Governor noted, the evaluator assessed Staich's current level of insight into his intrapersonal functioning and his crime as inadequate. Additionally, the evaluator found Staich was not a totally creditable or reliable historian. The evaluator determined the risk of violence, if he was freed, was moderate to high.

2

In response to the Governor's denial of parole, Staich filed a habeas petition (No. M-14142) in Orange County Superior Court. He argued, among other things, that the Governor wrongfully considered information from his juvenile case file, which the trial court had ordered removed from a presentence report in 1986. The 1986 order deleted certain portions of the probation report which were not to be sent to prison authorities. The court found some of the information included "unsubstantiated conduct" and accordingly could not be forwarded as part of a completed probation report. In a presentence report that exceeded 10 pages (it is not included in the record in full), 13 lines were removed from one page and approximately 14 lines were removed from another page. We do not know the content of the information removed, as an unredacted copy was not included in the record. There is no evidence the court ordered these records sealed, expunged, or otherwise removed from anything but the presentence report.[1]

In its decision on the habeas petition, the court noted the relevant issue was whether "some evidence" supported the Governor's decision, a highly deferential standard. The trial court concluded the Governor's review met that standard, citing the negative psychological evaluation, and further found Staich's rights had not been violated. The court therefore denied the motion.

Staich then filed a writ of habeas corpus with this court, noting the Governor's decision had "overlook[ed]" numerous positive factors and refused to consider a new forensic psychologist report. He again argued the Governor considered the information removed from the presentence report. On April 13, 2012, this court denied the petition. Staich's petition for review by the California Supreme Court was denied on June 18, 2012.

---

[1] At the hearing before the BPH, Staich's attorney told the Board Staich's "juvenile record was ordered stricken by the Court." The Board accepted it had been "deleted" by the trial court, but other than striking the information from the presentence report, there is no evidence of any other order impacting Staich's juvenile record.

3

On March 7, 2012, Staich filed an "affidavit filed as a complaint" against the Governor "for contempt proceedings." His "affidavit of truth" stated the Governor deliberately violated the court order removing his juvenile record from his prison file and placed those records into his reversal of the parole grant. The "affidavit" sought $1,000 from the Governor, payable to the trial court, and unspecified "monetary punishments" payable to, apparently, Staich. Most notably, he sought "punishment against the Governor by requesting reinstatement" of the parole grant.

On June 6, Staich also filed a motion for injunctive relief seeking to enforce the 1986 order "deleting plaintiff's entire juvenile record and a portion of his adult criminal records from being used by the Governor to reverse a valid parole grant . . . ." He sought to have his parole case placed "back to the status quo before the Governor illegally violated the . . . 1986 court order."

The Governor filed a demurrer, arguing: 1) habeas was the exclusive remedy for the relief he sought; 2) the court's order removing certain juvenile records was not directed toward the Governor, and was issued ex parte with respect to him; 3) the Governor is immune from liability for damages for parole decisions. Staich opposed, arguing the merits of his case and that a demurrer was not a proper vehicle to attempt to dismiss his "affidavit filed as a complaint." The Governor also filed an opposition to the motion for injunctive relief, arguing that Staich was collaterally estopped, by the denial of his habeas petition, from asking the court to reinstate his status prior to the Governor's denial of parole.

The trial court sustained the demurrer without leave to amend and denied the motion for injunctive relief. The court found Staich's affidavit was not merely an attempt to initiate contempt proceedings because it sought reinstatement of the parole grant, a remedy not statutorily permitted. Thus, the court construed the document as a combined affidavit and complaint. The court ultimately concluded the case was barred

by issue preclusion based on Staich's prior habeas petition and sustained the demurrer. Staich now appeals.

## II

## DISCUSSION

*Judicial Notice and the Inadequacy of the Record*

Staich submitted a request for judicial notice of *In re Rosenkrantz* (2000) 80 Cal.App.4th 409 (rev'd. by (2002) 29 Cal.4th 616), which he asserts addresses the issues on appeal. This request, which includes argument, was filed nearly a month after his reply brief, and appears to be an attempt to file additional argument. Staich did not attach a copy of the document or explain why it is impracticable to do so as required by rule 8.252 of the California Rules of Court, nor does he discuss whether judicial notice was taken by the trial court. Finally, it is unnecessary for us to take judicial notice of precedent in order to consider it where it is relevant and remains good law, both of which are questionable here. Accordingly, the request is denied and Staich's accompanying argument is disregarded.

While Staich unnecessarily requests judicial notice of case law, he neglected to designate anything close to an adequate record on appeal. The clerk's transcript did not include any of the pleadings related to the demurrer, including his "affidavit of truth." It included only his request for injunctive relief, the order and notice of ruling sustaining the Governor's demurrers, and documents relating to this appeal. This failure alone is enough to warrant dismissal of this appeal. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)[2] Stepping into the void in the

---

[2] Staich's self-represented status is not an excuse for such lapses. "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639, fn. omitted; see also *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)

interests of justice, however, were the Governor, who filed two motions to augment the record (which were granted), and this court, which on our own motion indicated our intent to take judicial notice of several additional documents, including the demurrer and the related law and motion papers.

Staich filed an opposition to the court's notice. He argues there is no need to do so and that we should avoid turning a hearing on a demurrer into a contested evidentiary matter by taking judicial notice of these documents. He seems to believe that we intend to take judicial notice of the contents of the documents themselves and consider them for the truth of the matters asserted therein. He is, of course, wrong. (*Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.) In this case, we are merely fleshing out an inadequate record. We therefore overrule his objections and take judicial notice of the Governor's demurrer to Staich's complaint, Staich's opposition to the Governor's demurrer, the Governor's reply in support of the demurrer, and the Governor's opposition to Staich's motion for injunctive relief.

*Standard of Review*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

*Propriety of Demurrer*

At the outset, we reject Staich's argument that a demurrer is not a proper procedural method of contesting a contempt affidavit. "The [contempt] accusation is in the nature and form of a verified complaint. The warrant, citation or order to show cause is the equivalent of a summons and must be similarly served. The alleged culprit becomes the defendant and upon his appearance is entitled to present his answer or defense." (*Briggs v. Superior Court* (1931) 211 Cal. 619, 627.) Staich cites no authority for the proposition that an "answer or defense" cannot be in the form of a demurrer. Nor do we see any necessary distinction, given the affidavit's treatment as a complaint.

*Issue Preclusion*

Res judicata "prevents 'relitigation of issues argued and decided in prior proceedings.' [Citation.]" (*Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477, 481.) It "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation." (*Panos v. Great Western Packing Co.* (1943) 21 Cal.2d 636, 637.)

Res judicata takes two forms: Claim preclusion and issue preclusion (sometimes referred to as collateral estoppel). (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 (*Boeken*).) Claim preclusion requires that: "'(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.'" (*Ibid.*) "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently

7

applied the "primary rights" theory.' [Citation.]" (*Ibid.*) "Under this theory, '[a] cause of action . . . arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term . . . ."'" [Citation.]" (*Id.* at pp. 797-798.)

With respect to the requirement of the same claim, in both the habeas petition and the instant case, Staich seeks remedy for exactly the same alleged wrong: the Governor's purported use of his allegedly "deleted" juvenile record in making the decision to reverse the BPH's grant of parole. As the trial court that heard the habeas petition noted: "[Staich] also asserts the Governor relied on false statements and reports of assaultive juvenile behavior that had been purged from Petitioner's juvenile case file." In his petition to this court, Staich alleged: "Governor's denial focuses primarily on using 'Court Ordered' deleted juvenile and portion of Petitioner's alleged adult records . . ." along with several other factors. In the instant case, Staich's entire basis for the contempt proceeding revolves around the Governor's alleged violation of a court order, specifically: "The Governor on his own accord made the decision to violate the May 30, 1986 'Court Order,' requiring deletion of affiant's entire juvenile record . . . ." In both the habeas and the instant proceeding, Staich seeks the same remedy: reinstatement of parole. "Affiant also seeks punishment against the Governor by requesting reinstatement of his September 14, 2011 valid parole grant." In his opening brief, Staich repeatedly argues the merits of the Governor's actions: "The May 30, 1986 Order Rendered by the Orange County Superior Court was in fact a valid 'court order' . . . and the Governor does not have the legal right to totally disregard this valid court order," "The Sentencing Court had just cause to delete the unsubstantiated records . . . ."

Thus, both the wrong alleged (considering the purportedly deleted juvenile records) and the remedy (reversal of the parole decision) are identical. "[F]or purposes of

8

applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. [Citation.]" (*Boeken*, *supra*, 48 Cal.4th at p. 798.) Staich's claim that he asks for the additional remedy of monetary damages (from which the Governor is clearly and obviously immune under Government Code sections 845.8, subdivision (a) and 820.2) is irrelevant. Under the primary right theory, Staich seeks redress for the same alleged harm in this case as he did in the habeas petition.

The habeas case also fulfilled the second requirement, a final judgment on the merits. The trial court handed down a detailed order, reviewing Staich's claims and denying them on the merits. Contrary to Staich's assertions, a full trial is not necessary. This court was presented with the same arguments and denied his petition, which he subsequently appealed to the California Supreme Court, which also denied his petition. There is no question a final judgment on the merits of his habeas petition was reached.

With regard to the final requirement, the same parties, Staich argues it is not met because the habeas action was against the warden of his prison, while the instant action is against the Governor. This argument must fail. The doctrine requires "'the party *against whom* the doctrine is being asserted was a party or in privity with a party to the prior proceeding.'" (*Boeken*, *supra*, 48 Cal.4th at p. 797, italics added.) He was a party in the prior proceeding. The point of this requirement is to ensure that the litigant against whom issue preclusion is being asserted had his or her interests adequately represented by the parties in the prior proceeding. (*Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 692.) Given that Staich *was* a party to the prior proceeding, he simply has no argument here.

Accordingly, we find the demurrer was properly sustained. He offers no argument that amending the complaint would be a fruitful exercise, and therefore the demurrer was properly sustained without leave to amend. To the extent he argues his

9

motion for an injunction should have nonetheless been granted, he is mistaken. An injunction is a remedy, not a cause of action in itself. A viable cause of action must exist before a court can grant injunctive relief. (*Camp v. Board of Supervisors* (1981) 123 Cal.App.3d 334, 356.)

## III

## DISPOSITION

The judgment is affirmed. In the interests of justice, each party shall bear its own costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

10