Filed 9/13/16  Schapiro-Thorn v. Mitchell CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SCHAPIRO-THORN, INC.,<br><br>        Plaintiff, Cross-defendant and<br>        Respondent,<br><br>v.<br><br>DANIEL L. MITCHELL,<br><br>        Defendant, Cross-complainant and<br>        Appellant. | A146381<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-09-495377) |

        This is one more in a series of frivolous appeals by defendant and cross-complainant Daniel L. Mitchell seeking to forestall reckoning for attorney fees he has been held to owe the law firm of Schapiro-Thorn, Inc.  (See *Schapiro-Thorn, Inc. v. Daniel L. Mitchell* (April 21, 2015, A140800 [nonpub. opn.]); *Michael Mitchell v. Schapiro-Thorn, Inc.* (Feb. 3, 2016, A142337 [nonpub. opn., affirming order dismissing Alameda County action]; *Schapiro-Thorn, Inc. v. Daniel L. Mitchell* (Jan. 21, 2016, A145540 [order dismissing appeal]); *Schapiro-Thorn, Inc*., *v. Daniel L. Mitchell* (Nov. 16, 2015, A145705 [order dismissing appeal]).)  For present purposes it is unnecessary to recite the extended and disturbing history of this and related litigation arising out of the law firm's attempt to recover fees incurred in representing Mitchell in family law proceedings.  Suffice it to state that on November 18, 2013, judgment was entered affirming an arbitration award determining that Mitchell is indebted to the law firm for a substantial amount of fees and that claims asserted by Mitchell in his cross-complaint

1

against the law firm had been waived and, in all events, were rejected. Mitchell's cross-complaint had alleged numerous causes of action for breach of contract, professional negligence, and intentional misconduct against the law firm and against Suzie Thorn, the attorney the cross-complaint alleged was "the principal officer and director" of the law firm and the "agent and employee" of the firm who at all times was "acting within the scope of said agency and employment." Mitchell now appeals from the dismissal of his cross-complaint on the ground that his claims against Suzie Thorn, as well as against the law firm, were adjudicated against him in the arbitration award previously confirmed by the court. According to the trial court: "All of the allegations included in the cross-complaint arose from the scope of Ms. Thorn's employment by plaintiff/cross-defendant Schapiro-Thorn, Inc. Therefore, because all claims in the cross-complaint were denied with respect to Schapiro-Thorn, Inc., Ms. Thorn, as an employee of Schapiro-Thorn, Inc., is entitled to the benefit of the arbitration award providing that all of Mr. Mitchell's claims against Schapiro-Thorn are denied."[1]

The cross-complaint was properly dismissed. As Mitchell argues, Suzie Thorn could be personally liable for misconduct for which she was personally responsible. (E.g., *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 503-506.)[2] However, since Mitchell has alleged and acknowledges that at all relevant times Thorn was acting within the scope of her employment by the law firm, the confirmed arbitration award rejecting all Mitchell's claims of misconduct by the law firm conclusively negates the claims against Thorn. (E.g., *Dailey v. City of San Diego* (2013) 223 Cal.App.4th 237, 255-256; *Basurto v. Imperial Irrigation Dist.* (2012) 211 Cal.App.4th 866, 887-888;

---

[1] In fact, Mitchell purports to appeal from a non-appealable order sustaining Suzie Thorn's demurrer to the cross-complaint without leave to amend. We treat Mitchell's notice of appeal from that order as a premature notice of appeal from the subsequent order granting Thorn's motion to dismiss the cross-complaint. (See 9 Witkin (5th ed. 2008) Cal. Procedure, Appeal, § 569, p. 646.)

[2] Since Thorn individually was not a party to the attorney fee agreement, she could not be personally liable for any breach of that contract. She could be personally liable only for her personal negligence or other torts.

2

*Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477, 481-483; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 406; *Vezina v. Continental Cas. Co.* (1977) 66 Cal.App.3d 665, 669-670; see also, e.g., *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 614-615.)

The order dismissing Mitchell's cross-complaint is affirmed.


_____
Pollak, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.


A146381

3