Filed 12/1/21  P. v. Bassett CA3
Opinion on remand from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089493 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F002925) |
| v. | OPINION ON REMAND |
| TAMARA BASSETT, | |
| Defendant and Appellant. | |

In 2012, a jury found defendant Tamara Bassett guilty of first degree murder with a drive-by shooting special circumstance, and other charges and enhancements not material to this appeal.  (Pen. Code, §§ 187, 190.2, subd. (a)(21).)[1]  We affirmed the resulting conviction in 2015.  (*People v. Bassett* (Mar. 12, 2015, C071072) 2015 Cal.

---

[1] Further undesignated statutory references are to the Penal Code.

App. Unpub. LEXIS 1725 [nonpub. opn.] (Slip Opn.).) Our Supreme Court denied defendant's petition for review on July 8, 2015 (S225523).[2]

In February 2019, defendant filed a petition for relief pursuant to section 1170.95. The trial court found her ineligible for relief without appointing counsel, eliciting a response from the People, or holding a hearing. Defendant appealed the court's order, contending in part that the court erred by denying the petition without first appointing counsel. We disagreed and affirmed the court's order.

Defendant sought review in our Supreme Court, which granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

Having considered the parties' supplemental briefs, we agree with defendant that the trial court erred by failing to appoint counsel. However, we conclude the error was harmless because defendant was not convicted under either a felony murder or natural and probable consequences theory of liability for murder, and defendant's challenge to the validity of her convictions must be raised in a petition for writ of habeas corpus. Therefore, we affirm the denial of defendant's petition for relief.[3]

---

[2] We grant the Attorney General's request that we take judicial notice of the record in defendant's direct appeal and of our Supreme Court's records related to her petition for review, including its denial of defendant's petition. (Evid. Code, §§ 452, subd. (d) [permitting this court to take judicial notice of the "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States"], 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in [Evid. Code §] 452"].)

[3] Defendant seeks to join this appeal with her petition for writ of habeas corpus in *In re Bassett*, case No. C091562. Because we have since denied her petition, we deny her request.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Defendant's Convictions*

We recite the following relevant facts as set forth in our 2015 unpublished opinion following defendant's direct appeal:

Defendant went with Roshien Besa to see friends at a house in Elk Grove. She intervened in an argument between Besa and her boyfriend, Brian McDaniel, and she hit McDaniel in the back of the head. McDaniel turned and hit defendant. Defendant threatened to get her boyfriend--Raymond Vigel, a validated Norteño gang member--and friends to " 'shoot up the place.' " During a phone call, defendant said that McDaniel hit her in the head and she " 'wanted something done about it'; she wanted McDaniel killed."

Defendant drove away and then returned with Vigel. Vigel asked defendant whether any of the people they could see through an open garage door was McDaniel, defendant said no. Vigel fired multiple shots, killing Alison Freeseha and severely injuring three others.

The jury did not reach a verdict as to the charges against defendant, and the court declared a mistrial. Following retrial, the jury found defendant guilty of first degree murder of Freeseha (§ 187) with firearm and gang enhancements and a drive-by special circumstance (§ 190.2, subd. (a)(21)). The jury also found defendant guilty of attempted deliberate and premeditated murder of the remaining victims with multiple enhancements. The trial court sentenced defendant to life in prison without the possibility of parole plus 121 years to life.

*Senate Bill No. 1437 and Section 1170.95*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual

3

killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The new section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

4

The petition filed under section 1170.95 must include the following: "(b)(1)(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." If the petition is missing any of the information required by section 1170.95, subdivision (b)(1) and that information "cannot be readily ascertained by the [trial] court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

Once a complete petition is filed, section 1170.95, subdivision (c) sets out the trial court's responsibilities: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

*Defendant's Section 1170.95 Petition*

In February 2019, defendant filed a petition to vacate her conviction pursuant to section 1170.95.[4] The petition included a form declaration, which stated: (1) a complaint, information, or indictment was filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) at trial, she was convicted of first or second degree murder

---

[4] The petition is file stamped February 15, 2016, but the parties agree that it was filed in 2019. The court may accept the parties' mutual stipulation. (See *Meddock v. County of Yolo* (2013) 220 Cal.App.4th 170, 175, fn. 3.)

5

pursuant to the felony murder rule or the natural and probable consequences doctrine; and (3) she could not be convicted of first or second degree murder under the changes to sections 188 and 189. Defendant requested that the trial court appoint counsel. She did not include any attachments or exhibits to her form petition and declaration. The record does not contain a response to defendant's petition, and the parties agree in their briefing that the People did not respond.

*Trial Court's Order*

In April 2019, the trial court summarily denied defendant's petition without appointing counsel to represent her. The court concluded that defendant failed to make a prima facie showing that she fell within the provisions of section 1170.95 because the jury's true finding on the drive-by special circumstance signaled the jury "necessarily found that defendant Bassett acted with intent to kill in aiding and abetting the murder." The court quoted the special circumstance instruction provided to the jury at trial: " 'If you decide that defendant TAMARA BASSETT is guilty of first degree murder but was not the actual killer, when you consider the special circumstances, you must also decide whether the defendant TAMARA BASSETT acted with intent to kill. [¶] In order to prove the special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor, the People must prove that the defendant acted with intent to kill. [¶] If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that she acted with the intent to kill for the special circumstance to be true. If the People have not met this burden, you must find the special circumstance has not been proved true for defendant TAMARA BASSETT.' "

*Defendant's Appeal and* People v. Lewis

Defendant appealed the trial court's order; she contended: (1) the trial court erred by denying the petition without first appointing counsel; (2) the intent-to-kill component of the drive-by special circumstance was adjudicated under a defective legal theory; and

6

(3) application of the drive-by special circumstance to her "as a mere accomplice" would render the special circumstance unconstitutional. We disagreed with the first contention and rejected the other two as improperly raised in that appeal from the denial of defendant's section 1170.95 petition, and we affirmed the court's order.

After our decision, our Supreme Court decided *Lewis*, *supra*, 11 Cal.5th 952. In *Lewis*, the court concluded that section 1170.95, subdivision (c) describes a single prima facie showing, rejecting the Attorney General's argument that section 1170.95, subdivision (c) created a two-step prima facie process wherein counsel must only be appointed if the petitioner satisfied the first prima facie review. (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Accordingly, the court clarified the process at the prima facie stage: "[A] complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Id*. at p. 966.)

The *Lewis* court further held that after counsel has been appointed and the parties have had the opportunity for briefing, the trial court may "consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Lewis*, *supra*, 11 Cal.5th at p. 957, quoting § 1170.95, subd. (c).) The court explained that "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the

7

weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) Instead, the "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." *(People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) The court reasoned: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis,* at p. 971.) Appellate opinions, like the 2015 opinion in defendant's case, are generally considered to be part of the record of conviction. (*Id.* at p. 972.)

Where the trial court has erred by failing to appoint counsel, we must determine whether the error was harmless. (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.) The *Lewis* court held a trial court's failure to appoint counsel to represent a petitioner when assessing whether he has made a prima facie showing of entitlement to relief under section 1170.95, subdivision (c) is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 973-974.) Specifically, we ask whether the defendant can demonstrate " ' "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id*. at p. 974.)

DISCUSSION

I

*Section 1170.95*

Applying *Lewis*, we agree with the parties that the trial court erred by failing to appoint counsel to represent defendant upon the filing of the complying petition. (*Lewis*, *supra*, 11 Cal.5th at p. 966.) Thus, the issue before us is whether the trial court's failure to appoint counsel was harmless. In her supplemental brief, defendant contends that the trial court's error was prejudicial because the court erroneously applied a preclusive doctrine in determining that the record of conviction demonstrated as a matter of law that she was ineligible for relief under section 1170.95. Specifically, she argues the court could not apply claim or issue preclusion to her petition for relief because the prosecutor's argument and jury instructions show that the jury was only called upon to determine whether defendant intended to kill *anyone*, which was not identical to the issue before the court--whether defendant intended to kill Freeseha. (See *Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477, 481 [to apply issue preclusion, the issue being decided by the court must be identical to the issue decided in the former proceeding].)

In denying defendant's petition, the trial court concluded that there was no accomplice liability under the natural and probable consequences doctrine theory advanced at trial, and the jury's special circumstance finding necessarily demonstrated that the jury found defendant acted with the intent to kill, precluding her from relief under section 1170.95. We agree that by finding the special circumstance allegation true, the jury necessarily found that defendant had the requisite intent to kill to find her guilty of first degree murder. (See § 190.2, subd. (a)(21) [drive-by murder special circumstance requires that the murder was perpetrated intentionally at another person or persons with intent to inflict death]; *People v. McCoy* (2001) 25 Cal.4th 1111, 1118 [finding defendant guilty as a direct aider and abettor requires that defendant know the perpetrator's intent and share in that intent]; *People v. Gentile* (2020) 10 Cal.5th 830, 848 [direct aiding and

9

abetting remains a valid basis for a first murder conviction because a direct aider and abettor must possess malice aforethought].)

Our opinion on defendant's direct appeal also refutes defendant's argument. In that opinion, we recognized that the prosecution offered two theories of first-degree murder: (1) defendant and Vigel conspired to assault McDaniel, the natural and probable consequences of which was murder and three attempted murders; and (2) defendant directly aided and abetted Vigel's drive-by shooting.[5] (Slip Opn., 2015 Cal. App. Unpub. LEXIS 1725 at p. *64.) We concluded that the jury's special circumstance finding conclusively demonstrated that the jury based its first degree murder verdict on the direct aiding and abetting theory. (*Id.* at pp. *64-*65.) Thus, the jury necessarily found that defendant personally intended to kill each of the victims of the murder and attempted murder counts, precluding defendant from relief under section 1170.95 as a matter of law. (Slip Opn., at pp. *59-*65.)

Defendant contends that the *Lewis* court did not intend that the record of conviction would be given determinative effect. However, *Lewis* expressly states that the trial court may consider the record, including prior appellate opinions, and " ' "the court is justified in making a credibility determination adverse to the petitioner" ' " where the record " ' "contain[s] facts refuting the allegations made in the petition." ' " (*Lewis*, *supra*, 11 Cal.5th at pp. 971, 972.) Thus, while we agree the court is not authorized to engage in factfinding or to weigh the evidence in making its prima facie determination, that is not what the trial court did here. Rather, the court analyzed the crimes of

---

[5] Defendant asserts that the prosecution's aiding and abetting theory was that defendant aided and abetted Vigel to commit the assault, the natural and probable consequence of which was murder and three attempted murders. This is not supported by the record. Instead, the prosecution theorized that defendant directly aided and abetted Vigel without relying on the natural and probable consequences doctrine.

conviction and the jury instructions, and it concluded that defendant was necessarily found to have intended to kill, precluding her from relief under section 1170.95.

Defendant's supplemental brief is primarily focused on her argument that the jury's special circumstance finding was invalid because the jury was only asked to determine whether defendant intended to kill *someone*, rather than Freeseha specifically. However, section 1170.95 expressly limits evidentiary hearings to circumstances where a defendant can demonstrate he or she "could not be convicted of first or second degree murder *because of* changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) Defendant's contention that she could not be convicted of first degree murder because the jury was erroneously instructed that it did not need to find defendant intended to kill Freeseha is not such a basis for relief under section 1170.95.

Defendant correctly observes that our Supreme Court is set to resolve a split among the courts of appeal over whether a felony-murder special circumstance finding made before our Supreme Court clarified the meaning of the terms "major participant" and "reckless indifference to human life" precludes a defendant from making a prima facie showing under section 1170.95. (See *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606.) But while we recognize this jurisdictional split, we find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 746, review granted Sep. 1, 2021, S270048; accord, *People v. Jones* (2020) 56 Cal.App.5th 474, 482, 484, review granted Jan. 27, 2021, S265854; *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.)

Defendant argues for the first time in her reply brief that she received ineffective assistance of appellate counsel on direct appeal. "[A] point raised for the first time [in reply] is deemed waived and will not be considered, unless good reason is shown for

11

failure to present it before." (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.) Defendant fails to provide good reason, and therefore her argument is forfeited. Moreover, the appropriate avenue for defendant's claim of ineffective assistance of appellate counsel is through a petition for habeas corpus. (*In re Spears* (1984) 157 Cal.App.3d 1203, 1208.)

## DISPOSITION

The order denying defendant's petition is affirmed.


        /s/
      Duarte, J.



We concur:



    /s/
Mauro, Acting P. J.



    /s/
Renner, J.

12